## N. J. Kreizelman, Appellant, v. George M. Stevens, Appellee.

### Gen. No. 41,297.

Heard in the second division of this court for the first district at the June term, 1940. Opinion filed July 1, 1941.

GOODMAN & GOLOSINEC, of Chicago, for appellant; IRVING GOODMAN and JOHN W. GOLOSINEC, of counsel.

STEVENS & CARRIER, of Chicago, for appellee; GEO. M. STEVENS and GEO. M. STEVENS, JR., of counsel.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This action was brought by plaintiff, N. J. Kreizelman, to recover from defendant, George M. Stevens, on certain written guaranties alleged to have been made by said defendant. Plaintiff filed an amended complaint. Defendant filed an answer thereto and

plaintiff filed a reply to said answer. This appeal is from the following judgment order entered by the trial court:

"This cause coming on to be heard on the motion of the attorneys for the defendant for a judgment on the pleadings and upon the motion of the attorneys for the plaintiff to set the above entitled cause down for hearing, and the court having read the Amended Complaint, the Answer of the Defendant, and the Reply thereto of the plaintiff, and having examined the guaranty sued upon therein, and upon the arguments of counsel, orders that the reply of the plaintiff be and is hereby stricken, and that judgment be and is hereby entered in favor of the defendant and against the plaintiff and that the costs be taxed against the plaintiff."

Plaintiff's amended complaint alleged that he "is the owner and holder of two certain Special Assessment Vouchers issued by the Village of La Grange Park, Illinois, and dated September 3, 1929; that Voucher No. 2 was issued for the sum of $2,203.15 and that there has been paid on account of principal the sum of $1,200.00, leaving a balance of $1,103.15 due and unpaid on the principal thereof; that Voucher No. 3 was issued for the sum of $980.44 and there has been paid on account the sum of $300, leaving a balance of $680.44 due and unpaid on the principal thereof"; that he "acquired the said special assessment vouchers and the guaranties of the defendant sued upon herein on, to wit, October 17, 1938, by purchasing the same from Armstrong, Valiquet and Company, Inc., an investment security house on LaSalle Street, and the said vouchers and the guaranties on the backs thereof were duly delivered to the plaintiff herein; that the plaintiff is the actual *bona fide* owner thereof and acquired title to the said vouchers and the guaranties on the backs thereof by the purchase and delivery of the same and an oral assignment and bill of sale to the

same"; that "the defendant, George M. Stevens, guaranteed the payment in full of the principal and inter-' est of each of said vouchers Numbers 2 and 3 respectively, said guaranty appearing on the back of each of said vouchers and signed by said defendant and being in words and figures as follows, to wit:

"For value received the undersigned hereby guarantee the payment of the within note at maturity with interest, agreeing to pay all costs and expenses in collecting the same and waiving demand of payment protest, notice of protest and notice of nonpayment."

The complaint further alleged that "plaintiff herein, as the owner and holder of the vouchers and the guaranties herein sued upon, has demanded from this defendant the payment of the principal and interest, but that the said defendant has refused and still refuses to pay said sum or any other sum whatsoever, and that neither the principal nor anyone else on behalf of the defendant, has paid the amount due on the guaranties, as aforesaid; that the plaintiff purchased the guaranties and the vouchers in reliance upon the guaranty and the signature of the said defendant and the financial responsibility of the said defendant; that the said guaranties are past due and payable to the plaintiff herein, but that the said defendant refuses to pay the amount plainly due on the said guaranties, in accordance with the express terms thereof."

The complaint then alleged that "there is due and owing to the plaintiff herein from the said defendant on the guaranty on the back of voucher No. 2 the sum of $1,003.15 as principal and interest thereon amounting to $348.28 and on the guaranty on the back of voucher No. 3 the sum of $680.44, as principal, and $228.60 as interest, making a total of $2,260.47 due to the plaintiff from the said defendant herein on the guaranties signed by the said defendant; that upon the payment to him of the said sum the plaintiff offers to assign all his right, title and interest in and to the said

vouchers and the guaranties thereon to the said de fendant.''

The two special assessment vouchers, which were identical except as to the amounts shown to have been paid and the amounts still due thereon, were attached to and made a part of plaintiff's complaint. Voucher No. 2 is as follows:

''No. 296 (D)

|  | 1000. | Principal |
| PAID | 310.25 | Int. 9/3/29 to 6/27/32 |
|  | 200.00 | 4/9/34. |

W. J. GARDNER, Treas.

1,003.15                                                No. 2

SPECIAL ASSESSMENT VOUCHER, VILLAGE OF
LA GRANGE PARK
Payable out of 1st Installment
Collectible on January 2, 1930
Voucher No. 1

LaGrange Park Special                 County Court
Assessment No. 72             Cook County, Illinois

To the treasurer of the Village of LaGrange Park, Illinois:

From the funds realized by the Village of LaGrange Park, from the collection of the first installment of the special assessment levied and confirmed by the County Court of Cook County, Illinois, in Special Assessment No. 72, for the improvement of Paving Newberry Avenue and Other Streets as provided by Ordinance of said Village, a copy of which is on file in said special assessment proceedings, but out of no other tax or funds, pay to Geo. M. Stevens the sum of Twenty-two hundred three & 15/100 Dollars, and interest thereon at the rate of five per centum per annum, from the date hereof.

This voucher is issued on account of work done and services rendered in pursuance of and in carrying out the provisions of said ordinance.

The holder hereof expressly agrees in all things to be governed by an act of the General Assembly of the State of Illinois entitled: 'An Act concerning Local Improvements,' approved June 15, 1897, in force July 1, 1897, and all amendments thereto.

Both principal and interest of this voucher are payable when collected at the office of the Treasurer of the Village of LaGrange Park, Illinois, solely out of the portion of taxes collected pursuant to levy of the said Village for the purpose of discharging the first installment of said special assessment, on or before December 31, 1930.

Dated this the Third day of September, A. D. 1929.

VILLAGE OF LAGRANGE PARK, ILLINOIS,

By Stanley Bracken,
President of the Board of Trustees

Registered: W. J. Gardner
Village Treasurer.

Attest:
Albert A. Allen,
Village Clerk.''

Defendant's answer, after denying that plaintiff acquired title to said vouchers and the guaranties on the backs thereof by purchase and delivery of same and by an oral assignment and bill of sale and that he was in any manner liable on such guaranties, averred that there was no consideration for the guaranties and that said guaranties were placed on the vouchers after he had signed same.

Plaintiff's reply joined issue on the denials contained in defendant's answer and denied the allegations in said answer that plaintiff was not the bona fide owner and holder of the vouchers and guaranties sued upon, that there was no consideration for defendant's guaranties and that the guaranties were placed

upon the vouchers subsequent to the time defendant signed said vouchers.

Plaintiff contends in his brief ''that the Court erred in entering judgment on the pleadings without hearing any evidence where there were controverted issues of fact to be determined; that the pleadings raised issues of fact which the Court was without jurisdiction to ignore; that the amended complaint, answer and reply presented issues of fact; that the guaranty sued upon was a valid, binding, enforceable guaranty; that a guarantor is liable according to the terms of the guaranty and he can if he so desires assume a greater obligation than his principal; that the answer of the defendant is frivolous and sets up no valid defense; . . . that the Court erred in deciding controverted issues of fact on the pleadings.''

Defendant advances several propositions to sustain the judgment of the trial court, of which only the following need be considered:

''Plaintiff did not state a cause of action against the defendant upon the alleged guaranties, there being no allegations nor statements of fact in said amended complaint of any default by the principal, Village of La Grange Park, Illinois, in the performance of the principal contracts according to the terms, conditions and provisions thereof.''

The real question presented for determination is whether plaintiff's amended complaint stated a cause of action. While it is true that issues of fact were raised by the pleadings as to plaintiff's ownership of the special assessment vouchers and the guaranties thereon, the consideration, if any, for such guaranties and as to whether the guaranties were placed upon the vouchers after defendant had signed same, plaintiff would not be entitled to recover even though he were to prevail as to the foregoing issues upon a trial of this cause, unless he also alleged and proved the default of the principal debtor.

It is conceded that the principal obligor, the village of La Grange Park, was not in default in the payment of the vouchers since it fully complied with its obligations to pay same "From the funds realized by the Village of LaGrange Park, from the collection of the first installment of the special assessment levied and confirmed by the County Court of Cook County, Illinois . . . but out of no other tax or funds . . . Both principal and interest of this voucher are payable when collected at the office of the Treasurer of the Village of LaGrange Park, Illinois, solely out of the portion of taxes collected pursuant to levy of the said Village for the purpose of discharging the 1st installment of said special assessment, on or before December 31, 1930."

Plaintiff's complaint did not and could not, under the circumstances, allege that the principal debtor was in default in its payments on the vouchers. However, plaintiff insists that since defendant guaranteed "the payment of the within note at maturity with interest" and that since the special assessment vouchers by their terms were due and payable on or before December 31, 1930, said vouchers matured as of that date in so far as the guaranty was concerned and therefore the guarantor is absolutely liable on his guaranty, even though the principal obligor was only liable to pay the vouchers if, as and when the special assessments were collected. Plaintiff states in his brief that he is in accord with the general rule that the liability of a guarantor is limited by and is no greater than that of the principal debtor and that if no recovery could be had against the principal debtor the guarantor would also be absolved from liability, but he argues that where the guarantor by his contract of guaranty assumes a greater obligation than that of his principal, he will be held to the terms thereof irrespective of whether the principal is liable. In every case cited by plaintiff in support of this contention the principal debtor had

defaulted before the guarantor had been called upon to comply with his guaranty and it is therefore unnecessary to discuss such cases since it is conceded that *upon the default of the principal obligor* the guarantor may be held liable irrespective of the liability of the principal debtor.

The difficulty with plaintiff's position is that there was no default in the instant case on the part of the principal debtor and the rule in this State, as well as in every other jurisdiction, is that "a guaranty of the payment of an obligation of another is an absolute undertaking imposing liability upon the guarantor immediately upon the default of the principal debtor." 28 C. J., section 125, p. 972. Thus no liability may be imposed upon the guarantor unless and until the principal debtor has defaulted and this is true whether the guaranty is coextensive with or broader or narrower than the principal contract. Where under the conditions of the contract no liability has arisen on the part of the principal there is no liability on the guarantor. (28 C. J., section 94, p. 946.) "A guaranty is an undertaking to be responsible for the performance of an obligation of a third person upon his failure to perform it." *Illinois Surety Co. v. Munro,* 289 Ill. 570. Plaintiff has not called our attention to a single case nor have we been able to find one where the guarantor has been held liable on his guaranty unless the principal debtor was in default.

It should be stated that the "note" referred to in the respective guaranties is not a promissory note but a special assessment voucher, which is not a negotiable instrument, and it is apparent that when the contracts of guaranty are considered in connection with the special assessment vouchers, as they must be (28 C. J. Section 78, p. 933; *Bogardus v. Phoenix Mfg. Co.,* 120 Ill. App. 46; *Ewen v. Wilbor,* 99 Ill. App. 132), no liability thereon has been shown.

Regardless of the issues of fact heretofore referred to, which were raised by the pleadings, plaintiff's complaint did not state a cause of action since there was no allegation therein that the defendant ever became bound as a guarantor to pay the special assessment vouchers because it failed to state that the principal debtor defaulted in the payment of said vouchers.

While it would have been better practice if defendant had moved to strike plaintiff's complaint instead of answering same, it would serve no useful purpose to remand this cause to permit plaintiff to amend its complaint since it is admitted that the principal debtor was not in default on its contract.

For the reasons stated herein the judgment of the circuit court is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.