Chicago Land Clearance Commission, Petitioner Below, v. Ira H. Jones, et al., Defendants Below. Exchange National Bank, a National Banking Association, as Trustee Under Trust No. 3320, Defendant Below, Appellee.
On Appeal of Henry A. Bjork, and Agnes M. Bjork, Defendants Below, Appellants.

**Gen. No. 47,044.**

First District, Second Division.
May 21, 1957.
Released for publication June 18, 1957.

Wm. Allen Nathenson, of Chicago (Kenneth W. Bellile, of Chicago, of counsel) for appellants.

Robert L. Huttner, and Martin S. Gordon, both of Chicago (Robert L. Huttner, of counsel) for appellee.

JUDGE McCORMICK delivered the opinion of the court.

Condemnation proceedings were instituted September 2, 1955 by the Chicago Land Clearance Commission against certain property located at the southeast cor-

ner of 56th street and Blackstone avenue, Chicago, Illinois. Henry A. Bjork and Agnes M. Bjork (hereafter referred to as sellers), who had by assignment become contract sellers under certain articles of agreement for warranty deed, and the Exchange National Bank, as Trustee under Trust No. 3320 (hereafter referred to as purchaser), were, together with others, made defendants. A settlement was entered into by the purchaser and the Chicago Land Clearance Commission for a total award on the property of $148,000, which sum was deposited with the county treasurer of Cook County on February 29, 1956. The purchaser petitioned for a distribution of the award. The sellers filed an answer asserting a lien for $612.50 upon any monies to be awarded the purchaser and asked that they be paid such amount in addition to the $42,904.08 which was their undisputed share in the total award of $148,500. The court ordered a partial distribution to the various claimants, and directed that $1,000 should remain with the county treasurer until the dispute herein involved between the sellers and purchaser, arising out of the contract of purchase, had been resolved. The trial court subsequently on April 30, 1956 ordered the $1,000 held by the county treasurer be paid to the contract purchaser, and the sellers have brought this appeal from that order.

The sellers' claim is for attorney's fees, costs and expenses allegedly expended in enforcing certain provisions of the contract of purchase and is based upon the following provision of the contract:

"10. That the Beneficiaries of the Purchaser shall pay to the Sellers all costs and expenses, including attorney's fees, incurred by the Sellers in any action or proceeding to which Sellers may be made a party by reason of being a party to this agreement, and that the Beneficiaries of the Purchaser will pay to the Sellers all costs and expenses, including attorney's fees incurred by the Sellers in enforcing any of the covenants and provisions of this agreement and incurred in any

action brought by Sellers against the Purchaser or the Beneficiaries of the Purchaser on account of the provisions hereof, and all such costs, expenses and attorney's fees may be included in and form a part of any judgment entered in any proceeding brought by the Sellers against the Purchaser or the Beneficiaries of the Purchaser on or under this agreement."

The purchase contract contained certain specific provisions covering the purchaser's duties and obligation with respect to maintaining insurance on the property in question. From the time the contract was entered into on February 18, 1953 until March of 1956 the purchaser was from time to time in default under the contract with respect to the provisions of insurance. The answer of the sellers set out that on December 14, 1953 they had retained William A. Nathenson, an attorney, and set out the services rendered by him in enforcing compliance with the terms of the contract and that for such services they had paid him the sum of $300 and still owed him $50. The answer also set out the additional services rendered by him in protecting their interests in the condemnation proceeding and in endeavoring to enforce payment of attorney's fees therein, for which the attorney's fees amounted to $262.50. They prayed for the sum of $612.50 as attorney's fees.

It is the sellers' contention that the above provision of the contract means that the beneficiaries of the purchaser will pay to the sellers attorney's fees incurred by them in enforcing any of the covenants and provisions of this agreement whether by suit or not, as well as pay attorney's fees incurred in any action brought by the sellers against the purchaser or the beneficiaries of the purchaser on account of the provisions in the contract. The sellers base their entire claim upon this interpretation of the contract and admit that unless the contract is so interpreted they are not entitled to any attorney's fees. In other words, the

additional attorney's fees claimed in their answer for services rendered by their attorney in the instant action is ancillary to and stands or falls with the attorney's fees first incurred before any action was commenced. The purchaser contends that the provision of the contract in question means that the beneficiaries were obligated to pay to the sellers all attorney's fees incurred by them in enforcing any of the covenants and provisions of the agreement only when incurred in any action brought by the sellers against the purchaser or the beneficiaries of the purchaser on account of the provisions of the contract. The decision of the issue before us thus becomes an exercise in semantics.

In interpreting an integrated contract which purports, as this contract does, to be a complete expression of the whole agreement, it is necessary to determine the intention of the contracting parties, which intention ordinarily must be determined from the words of the contract. Decatur Lumber & Manufacturing Co. v. Crail, 350 Ill. 319. If the language used therein is not ambiguous, it must be given a construction which the words used imply. Martin Emerich Outfitting Co. v. Siegel, Cooper & Co., 237 Ill. 610. The language used must be given its common everyday meaning. John Gabel Mfg. Co. v. Murphy, 390 Ill. 455.

The sellers contend that in the disputed provision in the contract in question the word "or" should be substituted for "and," so that the provisions would read that the beneficiaries of the purchaser will pay to the sellers all costs and expenses, including attorney's fees, incurred by the sellers in enforcing any of the covenants and provision of this agreement *or* (and) incurred in any action brought by the sellers against the purchasers on account of the provisions hereof. It is apparent from a reading of the contract that it is necessary to substitute "or" for "and" in order to give the provision the meaning sought by the sellers.

As the provision stands, without the word "or," giving the words their common ordinary meaning, it must be interpreted as meaning that in order for the sellers to charge the beneficiaries of the purchaser, the costs, expenses and attorney's fees must not only be incurred by the sellers in enforcing any of the covenants and provisions of the agreement but also must be incurred in an action brought by the sellers against the purchaser on account of the provisions therein contained. The entire clause of the contract in question apparently contemplates litigation. The first provision, which is not at issue here, deals with the liability of the beneficiaries of the purchaser in an action to which the sellers are made a party by reason of the agreement. The second deals with the liability of the beneficiaries of the purchaser in case the sellers incur attorney's fees enforcing covenants and provisions of the agreement in an action brought by the sellers against the purchaser or the beneficiaries of the purchaser. The last clause of the provision provides that "all such costs, expenses and attorney's fees may be included in and form a part of any judgment entered in any proceeding brought by the Sellers against the Purchaser or the Beneficiaries of the Purchaser on or under this agreement." Ordinarily the word "and" and the word "or" are not in any sense interchangeable terms. "And" is strictly of a conjunctive, "or" of a disjunctive nature. It is of course true that in order to effectuate the intention of the parties to a contract, where the intention is evident, the word "and" may be construed to mean "or." This construction, however, is never resorted to except for strong reasons, and the words should never be so construed unless the context favors the substitution. 3 C.J.S. And p. 1068.

■ ■  Reading the contract as it stands, the language is not ambiguous, nor does it lead to an absurd result. There is nothing in the context of the contract

favoring the substitution of "or" for "and." The courts cannot make a contract for the parties; nor can they change or modify the terms of the contract deliberately entered into by the parties even though by so doing they might improve it. A contract cannot be construed for the purpose of supplying an intention not otherwise shown. In Herlihy Mid-Continent Co. v. Sanitary District of Chicago, 390 Ill. 160, the court says:

"In construing a contract, the primary object is to ascertain the intention of the parties. (Decatur Lumber and Mfg. Co. v. Crail, 350 Ill. 319.) That intention must be determined from the language in the contract. If the intention may be ascertained from the wording of the contract, rules of construction have no application. (Domeyer v. O'Connell, 364 Ill. 467.) No words can be added to or taken from a contract and thereby change the plain meaning of the parties as expressed therein. (Stevens v. Felman, 338 Ill. 391.) Nor may the courts engage in surmises as to what the parties intended but which they failed to express."

The sellers argue that under the contract, when there was a default by the purchaser with respect to the insurance provisions, they could have declared a forfeiture, and since the law abhors forfeitures the disputed provision before us should be construed so as to permit the allowance of attorney's fees in enforcing the provisions of the contract. They argue that such a construction, since it would not require litigation in order to entitle them to attorney's fees, would have a tendency to discourage both forfeiture and litigation. The argument is not persuasive. In order to reach such result it would require an alteration of the terms of the contract and it would also be necessary for the court to conclude that such was the intention of the parties, and such conclusion at the best would be highly conjectural. Nothing appears in the contract which would support such a conclusion.

560

The trial court properly construed this provision of the contract. The order of the Superior Court is affirmed.

Order affirmed.

ROBSON, P. J. and SCHWARTZ, J., concur.