BANK OF HOMEWOOD, Plaintiff-Appellee, *v.* LILAS E. SJO, a/k/a Lilas E. Show, Defendant-Appellant.

First District (1st Division)    No. 81—2928

Opinion filed February 28, 1983.—Rehearing denied April 11, 1983.

Robert Marks, of Marks, Marks & Kaplan, of Chicago, for appellant.

Raymond E. Stachnik and Robert P. Nolan, both of Abramson & Fox, of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Lilas Sjo, appeals from a summary judgment entered against her in the circuit court of Cook County in favor of plaintiff, Bank of Homewood, construing defendant's written guaranty to extend to a promissory note executed by Ralph Sjo. On appeal, defendant raises the following issues: (1) whether the trial court erred in construing her guaranty to extend to the indebtedness in question; and (2) whether the trial court erred in entering summary judgment in light of ambiguity in the terms of the guaranty.

In 1974, Ralph Sjo, who was also known as Ralph Show, then defendant's husband, sought to borrow from plaintiff on behalf of Cooper-Hostert, Inc., a Ford agency of which he was principal owner and operator. As part of the loan agreement, plaintiff required a guaranty from defendant. Defendant was secretary of the corporation although she indicated that she knew nothing of the business and did not own any stock. The guaranty document was prepared by plaintiff and signed by defendant on August 1, 1974.

The guaranty provided, *inter alia*, that defendant guaranteed grants of credit up to $125,000 to "Ralph Show, Ralph Sjo and Cooper-Hostert, Inc." (hereinafter called the Borrower). Defendant's husband used two different spellings of his name so both were in-

cluded on the document.

Affidavits filed by the president of plaintiff bank indicated the following transactions between the bank and Ralph Sjo and Cooper-Hostert, Inc. In August and September of 1974, plaintiff made four loans to Ralph Sjo and Cooper-Hostert, Inc., totalling $110,000. The notes were all due on January 28, 1975. The four notes were renewed by one note due July 28, 1975. That note was renewed by two successive six month notes, the last note being due on July 22, 1976. On September 20, 1976, Ralph Sjo solely executed a note in the sum of $110,000. This note renewed the previous note and was due on November 19, 1976.

According to the affidavit of plaintiff's president no portion of the $110,000 principal balance has been paid. At the time each successive note was renewed, a new note was executed and the previous note was returned to the borrower stamped paid. Plaintiff admitted at trial that there was no longer any indebtedness against Cooper-Hostert.

On November 3, 1981, the trial court denied defendant's motion for summary judgment seeking discharge of her guarantor obligation and granted plaintiff's motion for summary judgment on defendant's guaranty. Judgment was entered against defendant in the sum of $128,000 comprised of the principal balance of the note plus accrued interest of $15,000 and attorney fees of $3,000.

■ The first issue raised by defendant is whether the trial court properly construed the guaranty to extend to the indebtedness in question. Defendant argues that the words of her guaranty, when given their usual and customary meaning, clearly limit defendant's liability to an indebtedness to plaintiff on which both Sjo and Cooper-Hostert are debtors. Defendant relies upon *Chicago Land Clearance Com. v. Jones* (1957), 13 Ill. App. 2d 554, 558-59, 142 N.E.2d 800, 802-03, to argue that the trial court improperly substituted the word "or" for the word "and" in the guaranty. Defendant argues that the word "and" as used in the guaranty is strictly of a conjunctive nature. Therefore, defendant argues that when the bank rewrote the note to exclude the liability of Cooper-Hostert, defendant's guaranty no longer applied to the debt.

Plaintiff contends that the trial court properly construed the guaranty by determining the intent of the parties from the entire document rather than from an isolated word. Plaintiff argues that the modification clause in the guaranty indicates that the guaranty was intended to extend to the note in question. The clause provides:

> "*** any and all such collateral and security and guaranties and other obligors, if any, may, from time to time, without no-

tice to or consent of the undersigned, be sold, released *** without in any manner affecting or impairing the liability of the undersigned."

The guaranty also provided that the defendant guaranteed "any and all existing and future indebtedness and liability of every kind, nature and character (including all renewals, extensions and modifications thereof) from the Borrower to the Bank, howsoever and whensoever created, or arising, or evidenced or acquired." The uncontradicted affidavit of plaintiff's president established that the current indebtedness was a renewal of the original obligation. Plaintiff asserts that a note given in renewal, and not in payment, does not extinguish the original obligation. *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 421 N.E.2d 1078.

Plaintiff also argues that *Chicago Land Clearance Com.* supports the trial court's interpretation of the guaranty. In *Chicago Land Clearance Com.* the court noted that "*** in order to effectuate the intention of the parties to a contract, where the intention is evident, the word 'and' may be construed to mean 'or' " (13 Ill. App. 2d 554, 559, 42 N.E.2d 800, 803). Plaintiff contends that the contract when read in its entirety does not require an interpretation of the word "and" to mean that all elements connected by "and" must be considered to be a set for all purposes.

It is established that guaranty agreements are to be strictly construed in favor of the guarantor and that the guarantor's liability cannot be extended by construction. (*King Korn Stamp Co. v. Guaranty Bank & Trust Co.* (1969), 114 Ill. App. 2d 428, 438, 252 N.E.2d 734, 739.) A guaranty contract, however, which is unequivocal in its terms must be interpreted according to the language used, "for it is presumed that the parties meant what their language clearly imports." *National Acceptance Co. of America v. Exchange National Bank* (1968), 101 Ill. App. 2d 396, 402, 243 N.E.2d 264, 267.

In *Jacobson v. Devon Bank* (1976), 39 Ill. App. 3d 1053, 351 N.E.2d 254, the plaintiff sought a declaration that his guaranty was void because after he had informed the bank that he would not renew his guaranty in connection with a proposed extension of the debtor's obligation, the debtor executed a renewal note. The plaintiff's guaranty contained a clause stating that his liability would not be impaired by any renewal or extension of the debtor's obligation. The court held that under the clear and unambiguous language of the guaranty the plaintiff's liability was not extinguished by renewal of the note.

We are faced with a similarly broad contract of guaranty in the case at bar. Defendant agreed to guaranty all future indebtedness "in-

cluding all renewals, extensions and modifications thereof." In this case, as in *Jacobson*, "we are obliged to give effect to the clear and unambiguous language which the parties ratified and adopted." 39 Ill. App. 3d 1053, 1056, 351 N.E.2d 254, 256.

■ We agree with defendant that in certain circumstances the release of one of the co-debtors would release the guarantor. In the present case, however, neither party has sought to make Cooper-Hostert a party for any purpose nor explained the absence of the corporation on the renewal note. Furthermore, defendant has not alleged that she suffered any harm as a result of the bank's failure to require the corporation to sign the renewal note. A contract should be interpreted as a whole, giving meaning and effect to every provision thereof. (*Spircoff v. Spircoff* (1979), 74 Ill. App. 3d 119, 127, 392 N.E.2d 363, 369.) In light of the broad modification clause in the guaranty contract in this case, the renewal of the original obligation releasing the corporation did not extinguish defendant's guaranty.

■ Defendant also argues that the trial court erred in granting summary judgment since if "and" was not construed as a conjunction an ambiguity existed in the contract requiring the presentation of evidence on the intention of the parties at the time the contract was entered. A motion for summary judgment may be granted when the pleadings, affidavits, depositions and other documents demonstrate that there is no genuine issue of material fact which would warrant trying the case, and the moving party is entitled to judgment as a matter of law. (*McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16.) Plaintiff argued that the terms of the contract are not ambiguous when construed as a whole. We agree. Contract language is not rendered ambiguous simply because the parties do not agree on its meaning. (*Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099.) Under the clear and unambiguous language of the contract, defendant's guaranty extended to the note at issue. Entry of summary judgment in plaintiff's favor was proper.

Accordingly, for the reasons stated above, the judgment entered by the circuit court is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.