HERITAGE BANK OF UNIVERSITY PARK, Plaintiff-Appellee, v.
CHARLES P. BRUTI *et al.*, Defendants-Appellants.

Third District   No. 3—85—0477

Opinion filed February 28, 1986.

Louis S. Gasperec, of Krop & Gasperec, of Homewood, and Lyle E. Nelson, of Tinley Park, for appellants.

Raymond E. Meader and Wayne R. Johnson, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Defendants Charles P. Bruti and LaDoris Martin appeal from a $78,256.77 judgment entered in favor of plaintiff, Heritage Bank of University Park. We affirm.

Defendant were corporate officers of Bruti-Velchek, Ltd. On November 3, 1980, Bruti-Velchek executed a promissory note in favor of plaintiff for $60,000. The note bore a floating interest rate of 1% above prime. Defendants executed personal guaranties on a form on the reverse side of the note. From time to time the note was renewed in the principal amount of $60,000. Following execution of the renewal note,

the former note would be returned stamped "Paid by renewal."

On February 23, 1984, Bruti-Velchek executed a note for $65,000. No new funds were advanced. Instead, plaintiff capitalized $5,000 of unpaid interest from the latest renewal note to arrive at the figure of $65,000. Unlike the previous renewals, defendants did not sign the guaranty form on the reverse side of the note. Also, the previous outstanding note was returned to them marked "Paid by new note," with the word "renewal" typed over.

No payments were made on the new note. Plaintiff and defendants both moved for summary judgment following the filing of the instant action.

Defendants' theory is that by issuing a "new" note, all obligations arising out of the cancelled notes and guaranties were extinguished. Because the new note was not guaranteed, only the corporation is liable thereon. Plaintiff argues that the language of the original and subsequent guaranties is broad enough to cover the obligation created by the latest note. Furthermore, the latest note is not a new note. The affidavit of an officer of plaintiff explains that the distinction between the markings on the returned notes is based on whether a new principal balance was reflected by the capitalization of unpaid interest.

The operative language of the guarantee is as follows:

> "For value received, the undersigned *** unconditionally guarantee the full and prompt payment of the within note ***."

> "The undersigned agree that their liability hereunder shall in no wise be affected or impaired, nor shall any guarantor be discharged *** by: (2) renewal, refinancing or extension of the time of payment of any installment or installments of the within note or of any other indebtedness of maker or holder."

■ Generally speaking, the guarantor is a favorite of the law. As such, the extent of his liability is not to be extended by construction (*King Korn Stamp Co. v. Guaranty Bank & Trust Co.* (1969), 114 Ill. App. 2d 428, 252 N.E.2d 734). However, where the language of a guaranty is unambiguous, it will be given its natural and ordinary meaning as with any other contract.

Defendant's efforts to avoid the obvious import of the language of the executed guaranties are in vain. The note sued upon cannot be characterized as a new obligation any more than can the actions of plaintiff be deemed a discharge of the guarantors. The different stamp used on the last note was adequately explained by the affidavit of plaintiff's loan officer; no counteraffidavit or anything else of record was offered in opposition thereto. Hence, it is clear that the relevant note was a renewal or refinancing within the meaning of the executed guar-

anties. As such, there was no cancellation or discharge of the defendants' liability.

The result is supported in case law. In the oft-cited case of *Continental Illinois National Bank v. Cardwell* (1936), 287 Ill. App. 227, 4 N.E.2d 770, the court noted the ordinary practice of lending institutions to mark notes "paid" which have been replaced by renewed or refinanced obligations. It further stated the general rule that "where a note is given merely in renewal of another note and not in payment, the renewal does not extinguish the original debt *** except that it postpones the time for payment (287 Ill. App. 227, 246, 4 N.E.2d 770)." This rule has been applied in similar fashion to personal guaranties where the language of the original instrument so warrants. *Jacobson v. Devon Bank* (1976), 39 Ill. App. 3d 1053, 351 N.E.2d 254.

■ Defendants' citation of *In re Estate of Williams* (1982), 109 Ill. App. 3d 828, 441 N.E.2d 412, raises an interesting question but fails to persuade. We have no quarrel with the statement that a renewal note may operate as payment of and a discharge of the original note. However, from the aforementioned affidavit and the letters attached to the motion for summary judgment we find no evidence that plaintiff and defendants intended that the new note should serve as payment of the outstanding note.

■ Finally, there is no merit to defendants' contention that the guaranty can only extend to "the within note." Were that the case, the language preventing discharge by renewal or refinancing would be meaningless. The simple fact is that defendants personally guaranteed a $60,000 note. The note was renewed four times at that amount and, ultimately, refinanced at $65,000. The principal was never paid. Defendants' unsubtle ploy to avoid that obligation by refusing to guarantee the final note was ineffective.

Defendants argue that the award of attorney fees pursuant to the note were excessive. The record of the proceedings below show no objection to the documents offered by plaintiff. The issue is therefore waived.

Plaintiff has moved for attorney fees relating to the defense of this appeal. The motion is granted, and we remand to the circuit court for the determination of an appropriate award.

Accordingly, the judgment of the circuit court of Will County is affirmed and remanded.

Affirmed and remanded.

STOUDER and WOMBACHER, JJ., concur.