AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff, v. JOSH BENTLEY *et al.*, Defendants (Kenneth O. Munson, Counterplaintiff-Appellant; First Bank of Oak Park, Counterdefendant-Appellee).

First District (1st Division)   No. 86—1471

---

Opinion filed July 20, 1987.—Rehearing denied September 1, 1987.

Robert J. Trizna, of Trizna & Lepri, of Chicago, for appellant.

Edward C. Fitzpatrick and Shelly L. Rice, both of Lord, Bissell & Brook, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant-counterplaintiff, Kenneth O. Munson, appeals from the order of the circuit court of Cook County granting counterdefendant's, First Bank of Oak Park's, motion to dismiss Munson's claim against it. For the reasons that follow, we affirm.

On June 28, 1980, Munson, Josh Bentley and Dr. Shakeab Alshabkhoun formed Bartlett Square Partnership (Bartlett), for the purpose of acquiring, developing, financing, leasing, and managing certain real estate described in the partnership agreement. The agreement required, *inter alia*, all three partners' consent when borrowing money in the name of the partnership.

Plaintiff, American National Bank and Trust Company of Chicago (American), which is not a party to this appeal, loaned Bartlett $175,000 as evidenced by a promissory note dated December 1, 1982. Bentley, who requested the loan, delivered the note to American. The note was signed by Bentley and Alshabkhoun, whose signatures were guarantied by First Bank of Oak Park (First Bank).

The December 1, 1982, note became due and payable on March 1, 1983. On that date, the December 1 note was paid off by a renewal note in the principal amount of $175,000. The renewal note, which was signed by Bentley alone, contained no signature guaranty. The March 1 renewal note became due and payable on May 2, 1983. On that date, however, no payment was made.

On July 6, 1983, American filed a complaint in the circuit court of Cook County against Bentley, Alshabkhoun, Munson and Bartlett, to

collect on the March 1, 1983, note. Munson's answer and counterclaim against Bentley asserted, among other things, that Bentley had obtained the loan for his own personal benefit and that he lacked the authority to obtain the loan on behalf of Bartlett. Alshabkhoun's answer stated substantially the same things as Munson's, but added that his signature on the December 1, 1982, note was a forgery.

On March 15, 1985, American amended its complaint, adding First Bank as a defendant in count III. American alleged that First Bank had induced it to make the loan because of the signature guaranties on the original note dated December 1, 1982. In addition, Munson amended his counterclaim, adding First Bank as a counterdefendant in count V, and requesting damages resulting from First Bank's wrongful and erroneous signature guaranties.

On November 8, 1985, First Bank, pursuant to section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), moved to dismiss the claims filed against it (the written motion incorrectly stated that it was being brought pursuant to both sections 2—615 and 2—619). On January 14, 1986, First Bank amended the motion.

After hearing arguments, on May 2, 1986, the circuit court dismissed count III of American's complaint and count V of Munson's counterclaim, without granting leave to amend, on the ground that First Bank gave no guaranty as to the March 1, 1983, renewal note. Only Munson appeals the dismissal of his claim.

Munson contends that First Bank's guaranty on the December 1, 1982, note wrongfully represented that Alshabkhoun's signature on that note was genuine. He argues that the verification of genuineness induced American to make the loan originally; therefore, First Bank must compensate him for the economic loss he sustained as a result of the wrongful authentication.

First Bank argues that the only signature guaranty it gave was on the December 1 note. That note was paid by renewal on March 1, and only Bentley signed the later note which ultimately went into default. Therefore, First Bank asserts that its liability for the signature guaranty of December 1 was extinguished by the merger of the December note into the March note. In the alternative, First Bank argues that its liability was extinguished when the December note was paid off by the March note.

■ Merger occurs when a contract supersedes and incorporates all or part of an earlier agreement. When a subsequent contract relates to the same subject matter and has the same terms as a previous contract, the actions of the parties are based on the provisions of the later executed document. *Kraft v. No. 2 Galesburg Crown Finance Corp.*

(1981), 95 Ill. App. 3d 1044, 1049-50, 420 N.E.2d 865.

■■ We need not determine whether the notes merged because we agree with First Bank's argument that the March note extinguished First Bank's liability as to the December note.

Munson argues, however, that the March note was a renewal of the original note and that the March note was merely an extension of time with the original guaranty remaining in force. He speculates that American never would have given Bentley, on behalf of Bartlett, the original loan without the guaranty of Alshabkhoun's signature because he was the partner with the most money. American merely permitted Bentley alone to sign the renewal because it already had First Bank's guaranty that Alshabkhoun's signature was authentic.

We fail to find Munson's argument persuasive. The present case is unlike those situations where a debt itself is guarantied and any renewal of a promissory note is merely an extension of time with any prior guaranties remaining in force. In those situations, typically the note or the guaranty contains a clause which provides that in the event of any renewal or similar extension of time the guarantor is not released from liability on the debt. (See *American National Bank v. Warner* (1984), 127 Ill. App. 3d 203, 206, 468 N.E.2d 184; *Bank of Homewood v. Sjo* (1983), 113 Ill. App. 3d 179 , 182-83, 446 N.E.2d 1214, *appeal denied* (1983), 96 Ill. 2d 537.) In addition, the original note is usually stamped "paid" or "paid by renewal." (See *Heritage Bank v. Bruti* (1986), 141 Ill. App. 3d 107, 108-09, 489 N.E.2d 1182.) In those situations, it is clear that all parties intend the guarantor to be liable upon execution of a renewal note.

Here, however, all that First Bank guarantied was the authenticity of Alshabkhoun's signature on the original note; it had nothing to do with the renewal. It is clear that all parties intended First Bank to be liable only for a negligent signature verification on the note that it verified, the December note. But we fail to see how First Bank could be held liable on the new note, which did not contain Alshabkhoun's signature. First Bank's guaranty, therefore, was extinguished on March 1, 1983, when the renewal note was used to pay off the original.

Because we find that First Bank's liability was extinguished by the March note, we need not address the other issues raised by Munson.

Accordingly, the order of the circuit court dismissing the claim against First Bank is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.