LINCOLN PARK FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee, v. ROBERT A. CARRANE *et al.*, Defendants-Appellants.

First District (2nd Division)  No. 1—88—1881

Opinion filed December 12, 1989.

Douglas G. Felder, of Carrane, Newman & Freifeld, of Chicago, for appellants.

Gerard C. Heldrich, Jr., and Jeffrey K. Gutman, both of Heldrich, Gutman & Associates, of Chicago, for appellee.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Lincoln Park Federal Savings and Loan Association (hereinafter the Bank), sued defendants, Robert A. Carrane and Joseph Bechtold, as guarantors of a promissory note made by Cosmopolitan National Bank, as trustee under a land trust agreement (the Land Trustee). The land trust was created by defendants, Carrane

and Bechtold, who are also the sole beneficiaries of the trust. A default judgment was entered against Bechtold and the Land Trustee for failure to appear and answer or otherwise plead. The Bank subsequently sought and was granted summary judgment against Carrane. Carrane's post-trial motion was denied. He appeals. The other defendants are not involved in this appeal.

On March 25, 1980, at the direction of Carrane and Bechtold, the Land Trustee executed a mortgage and a note (secured by the mortgage) in connection with a loan made by the Bank. Contemporaneously with the execution of the note and mortgage by the Land Trustee, Carrane and Bechtold, the sole beneficiaries of the land trust, executed a guaranty of the note and mortgage. The loan went into default on May 1, 1980.

On May 14, 1984, the Bank filed a one-count action to enforce the guaranty against Carrane and Bechtold. Carrane answered and asserted an affirmative defense demanding that the Bank proceed against the Land Trustee as the maker of the note.

An amended complaint was filed on November 29, 1984. The Bank added the Land Trustee as a defendant and added a second count, seeking judgment against the Land Trustee under the terms of the note.

On March 27, 1985, the Bank filed a motion seeking a default judgment against Bechtold and the Land Trustee for failure to appear or plead. After a prove up hearing on April 15, 1985, a default judgment was entered against Bechtold and the Land Trustee.

The Bank filed its motion for summary judgment against Carrane on May 24, 1985. The affidavit supporting the motion stated that the loan had been in default since May 1, 1980, and that the court had entered judgment against the mortgagor on April 15, 1985.

The Bank's motion was granted on October 16, 1987. Carrane's post-trial motion was denied on May 17, 1988. Carrane appeals.

I

The technical nature of a transaction involving a corporate land trustee following the direction of its beneficiaries in obtaining a loan from a financial institution, secured by the corpus of the trust, requires the use of language that makes a relatively simple transaction appear to be unduly complex.

Simply stated, in substance, this case involves an individual, defendant Carrane, who elected to hold title to real estate in a land trust rather than in his own name. To accomplish that end, he caused the land trust to be created. Then he directed the trustee to execute

the note and mortgage in favor of the Bank. It was acknowledged at oral argument that the Bank would not make the loan to the land trust without the personal guaranty of the beneficiaries. For this reason, defendant Carrane and his cobeneficiary executed the guaranty.

It is undisputed that the trustee of a land trust merely holds naked legal title to real estate and has no affirmative duties. The beneficiary holds equitable title. (*Melrose Park National Bank v. Melrose Park National Bank* (1984), 123 Ill. App. 3d 282, 285, 462 N.E.2d 741.) It was acknowledged at oral argument that the proceeds of the loan were delivered to Carrane and Bechtold, the sole beneficiaries of the land trust.

Now, defendant Carrane seeks to avoid repayment to the Bank on the theory that the judgment against the Land Trustee caused his obligation under the guaranty to evaporate under the theory of merger. We disagree.

The guaranty stated that Carrane and Bechtold

"guarantee the payment of the foregoing Note, together with all interest thereon, and any and all sums advanced pursuant to the terms of said note or of the mortgage by which it is secured, and agree[ ] to pay all costs, expenses and attorneys' fees paid or incurred in and about the collection of said Note, the foreclosure of the lien of said Mortgage, or the enforcement of the Guarantee [sic]; and do[ ] hereby adopt, agree to, accept, and assume all terms, conditions, covenants and waivers contained in said Note and Mortgage."

The guaranty specifically referred to the note between the Bank and the Land Trustee.

■ The liability of a guarantor is strictly construed in his favor and against the party in whose favor the guaranty runs. (*Harris Trust & Savings Bank v. Stephans* (1981), 97 Ill. App. 3d 683, 422 N.E.2d 1136.) A guarantor is to be accorded the benefit of any doubt which may arise from the language of the guaranty. (*Lawndale Steel Co. v. Appel* (1981), 98 Ill. App. 3d 167, 423 N.E.2d 957.) A guarantor's liability is not to be varied or extended beyond its precise terms by construction or implication. He is bound only to the extent and in the manner and under the circumstances pointed out in his obligation. *Telegraph Savings & Loan Association v. Guaranty Bank & Trust Co.* (1978), 67 Ill. App. 3d 790, 793, 385 N.E.2d 97.

Carrane asserts that his liability is predicated on the existence of a note. If the note does not exist, he claims that he is then not obligated on the guaranty.

Carrane's affirmative defense to the original complaint was that

the Bank had to exhaust all of its other remedies before it could proceed against him as a guarantor. In response, the Bank obtained a judgment on April 15, 1985, against the Land Trustee, as the maker of the note. Now, Carrane contends that the note merged with the judgment against the Land Trustee and, therefore, the note does not exist and he cannot be the guarantor of a nonexistent note.

■ ■ Merger means that a plaintiff who obtained a final judgment against a defendant may not maintain a second action against that defendant on the same claim. (*United States v. Ryan* (7th Cir. 1987), 810 F.2d 650, 654.) Here, no merger took place since the April 15 judgment was in this same case and the order was obtained against a different party defendant.

Defendant's reliance on *Doerr v. Schmitt* (1941), 375 Ill. 470, 31 N.E.2d 971, is misplaced. In *Doerr*, our supreme court held that if a final judgment had been obtained by a party, that instrument can never again become the basis of a suit between the same parties.

In the case at bar, no merger occurred because: (1) the judgment order previously obtained on the note was in this same action; (2) the order obtained was against another party defendant; and (3) the order obtained was not a final judgment, since the court did not make a Supreme Court Rule 304(a) finding. 87 Ill. 2d R. 304(a).

We therefore conclude that the trial court correctly determined that Carrane's defense of merger does not apply to the facts of this case.

## II

Defendant next contends that the trial court improperly granted summary judgment because a genuine issue of material fact existed with regard to the obligation of good faith imposed upon the Bank by the Illinois Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1985, ch. 26, par. 1—101 *et seq.*).

Under the terms of the note and guaranty signed by Carrane, any obligation to act with commercial reasonableness has been waived. The guaranty agreement provides that "the undersigned hereby waives demand, protest, notice of protest or notice of default, presentment of payment *and diligence in the collection of said note* or in the preservation and/or enforcement of said security." (Emphasis added.) Thus, it is clear from the terms of the guaranty that diligence in collection is not required since it has been waived by Carrane.

Additionally, the note states that "[t]he makers, sureties, guarantors and endorsers of this Note jointly and severally *hereby waive* \*\*\* any and all notice of whatever kind or nature *and the exhaustion of*

*legal remedies herein.*" (Emphasis added.) Thus, the Bank had no obligation to foreclose upon the collateral of the note.

■■ Even if some obligation existed, Carrane has failed to present an affidavit as evidence that there was a lack of diligence or prejudice to the guarantors. Thus, summary judgment was properly granted.

The cases cited by Carrane are inapposite. In *McHenry State Bank v. Y & A Trucking, Inc.* (1983), 117 Ill. App. 3d 629, 454 N.E.2d 345, the court discharged the guarantor's obligation based on a finding that the plaintiff had impaired the collateral. Here, there is no evidence that the Bank impaired the collateral.

Thus, the obligation to act in a commercially reasonable manner was waived in the guaranty and the note. Additionally, Carrane failed to present any evidence below that the Bank was required to, or that the Bank did not, act in a commercially reasonable manner.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and DiVITO, JJ., concur.