GONNELLA BAKING COMPANY, Plaintiff-Appellant, v. CLARA'S PASTA
DI CASA, LTD., Defendant (Clara Melchiorre, Defendant-Appellee).

First District (2nd Division)    No. 1—01—3039

Opinion filed March 4, 2003.—Rehearing denied March 14, 2003.

Michael D. Weis, of Northbrook, for appellant.

Michael D. Canulli, of Oak Brook, for appellee.

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff Gonnella Baking Company filed suit against defendants Clara's Pasta di Casa, Ltd., an Illinois corporation (count I), and Clara Melchiorre, the president of the corporation (count II), for failing to pay for goods delivered to defendants. The trial court granted Melchiorre's motion to dismiss count II pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(9) (West 2000)), which alleged that Melchiorre was not personally liable for the corporation's debts. On appeal, plaintiff argues the trial court erred in dismissing count II because the motion to dismiss did not establish that the claim was defeated by affirmative matter. We reverse the circuit court's judgment and remand the cause for further proceedings.

## Background

Clara Melchiorre was the president and secretary of Clara's Pasta di Casa (the corporation), an Illinois corporation. On December 1, 1997, the corporation was involuntarily dissolved for failing to file an annual report and pay an annual franchise tax. During 1998 and 1999, Melchiorre ordered bread and bakery goods from plaintiff on behalf of the corporation. In response to Melchiorre's oral request, plaintiff delivered the bread and bakery goods to the corporation. Throughout

1998 and 1999, plaintiff received partial payments for the delivered goods; however, as of May 1, 1999, the corporation's remaining balance owed to plaintiff was $12,895.31. Despite plaintiff's repeated requests for payment, neither Melchiorre nor the corporation paid any portion of the outstanding balance.

In January 2001, plaintiff filed suit against the corporation and Melchiorre seeking damages in the amount of $12,895 plus costs for breach of contract. In count I of the complaint, plaintiff alleged the corporation breached an oral agreement for the sale of goods by failing to pay the agreed sum of $12,895. In count II, plaintiff alleged Melchiorre was personally liable for the corporation's debt because she ordered the goods purporting to be an agent of the corporation. In support of the complaint, plaintiff attached copies of the corporation's account statement.

Melchiorre filed a motion to dismiss count I under section 2—615 and count II under section 2—619(a)(9) of the Code. 735 ILCS 5/2—615, 2—619(a)(9) (West 2000). Melchiorre alleged that the action against the corporation should be dismissed for failure to state a cause of action because the complaint did not sufficiently allege an oral contract between the parties. Melchiorre further alleged the action against her personally was barred by an affirmative matter, because although the corporation was dissolved at the time of the disputed transactions, it was later reinstated pursuant to section 12.45 of the Illinois Business Corporation Act of 1983. 805 ILCS 5/12.45 (West 2000). Accordingly, the corporation is deemed to have continued without interruption, and Melchiorre could not be held personally liable for the corporation's debts.

In lieu of a response to Melchiorre's motion to dismiss, appellant filed a motion for summary judgment with a supporting affidavit. The trial court continued the summary judgment motion pending a decision on Melchiorre's motion to dismiss.

Melchiorre later amended her motion to dismiss to include allegations that she did not know the corporation had been involuntarily dissolved in 1997. Specifically, she alleged neither her attorney, who was the registered agent for the corporation, nor the Secretary of State notified her personally that the corporation had been dissolved. In support of her amended motion, Melchiorre filed an affidavit stating she had personal knowledge of the facts alleged in the motion and that the allegations were true.

The trial court dismissed the count against the corporation pursuant to section 2—615, with leave to amend the complaint. However, rather than amending count I, plaintiff voluntarily dismissed with prejudice the action against the corporation. The trial court also

dismissed count II against Melchiorre pursuant to section 2—619(a)(9); plaintiff now appeals this determination.

## Standard of Review

■ A section 2—619 motion to dismiss raises certain defects or defenses and questions whether a defendant is entitled to judgment as a matter of law. 735 ILCS 5/2—619 (West 2000). When reviewing a motion to dismiss, this court must accept all well-pleaded facts as true (*In re Parentage of M.J.*, 325 Ill. App. 3d 826, 829 (2001)) and view them in the light most favorable to the plaintiff (*Summers v. Village of Durand*, 267 Ill. App. 3d 767, 769 (1994)). The court may consider all facts presented in the pleadings, affidavits, and depositions contained in the record. *Arriola v. Time Insurance Co.*, 296 Ill. App. 3d 303, 306 (1998). On appeal, the standard of review for a motion to dismiss is *de novo*, because the resolution hinges on a question of law. *Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 307 (2002).

## Sufficiency of the Record on Appeal

■ Before deciding the merits of the case, we must address Melchiorre's motion to dismiss this appeal, which was taken with the case. Melchiorre argues dismissal is appropriate because plaintiff has failed to provide transcripts of the trial court hearing on the section 2—619 motion to dismiss. We disagree. This appeal confronts solely a question of law, that being whether the pleadings, affidavits, and other documents on record warranted a dismissal pursuant to section 2—619. See *Arriola*, 296 Ill. App. 3d at 306. As explained above, when reviewing a question of law the standard of review is *de novo*. In other words, this court is in the same position as the trial court, reviewing only the record before it. Because we are not required to defer to the trial court's reasoning on *de novo* review, the transcripts of the hearings on the motion to dismiss are unnecessary. *Nikolic v. Seidenberg*, 242 Ill. App. 3d 96, 99 (1993).

Melchiorre mistakenly relies on a line of cases that states that, when reviewing a motion to vacate a judgment, the transcripts of the proceedings must be provided to the reviewing court on appeal or the court will presume the trial court's decision was correct. *Bank & Trust Co. v. Line Pilot Bungee, Inc.*, 323 Ill. App. 3d 412, 416 (2001), citing *Farm Credit Bank of St. Louis v. Schwarm*, 251 Ill. App. 3d 205 (1993). These cases do not involve a *de novo* standard of review and are therefore inapposite. Here, we are taking a fresh look at the pleadings on record. See *Board of Education of Community Consolidated School District No. 54 v. Spangler*, 328 Ill. App. 3d 747, 757 (2002). Therefore, because all necessary pleadings and supporting documents have been filed with this court, we find the record is adequate to decide this appeal and deny Melchiorre's motion to dismiss.

## Proper Dismissal Under Section 2—619(a)(9)

■ Section 2—619(a)(9) provides grounds to dismiss a case if the claim asserted against Melchiorre is barred by other affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2— 619(a)(9) (West 2000).

The relevant issue is whether Melchiorre's motion to dismiss sufficiently established that the claim against her was barred by an affirmative matter. In this case, Melchiorre alleged she cannot be held personally liable for the debt incurred during the corporation's period of dissolution, because when the corporation was reinstated, she was absolved of all liability under section 12.45(d) of the Illinois Business Corporation Act of 1983. 805 ILCS 5/12.45(d) (West 2000).

■ At the relevant time, section 12.45(d) provided in part:
> "Upon the issuance of the certificate of reinstatement, the corporate existence shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." 805 ILCS 5/12.45(d) (West 2000).

However, Illinois courts have greatly limited the application of section 12.45(d) in cases involving the personal liability of officers acting while corporations are dissolved. In *Cardem, Inc. v. Marketron International, Ltd.*, 322 Ill. App. 3d 131, 135-36 (2001), the court held that corporate officers who conducted purported corporate business during a period of dissolution are not absolved of personal liability incurred during that time. *E.g., In re Estate of Plepel*, 115 Ill. App. 3d 803, 806 (1983); *Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.*, 222 Ill. App. 3d 413, 420 (1991). "[S]ection 12.45(d) does not transform individual liability into corporate liability or create a legal fiction contrary to the true nature of events." *Chicago Title & Trust*, 222 Ill. App. 3d at 420.

■ In order to hold an officer personally liable for debts assumed on behalf of a dissolved corporation, the courts have required evidence showing that the defendant knew, or because of his position should have known, about the involuntary dissolution. *Steve's Equipment Service, Inc. v. Riebrandt*, 121 Ill. App. 3d 66, 70 (1984); *Chicago Title & Trust*, 222 Ill. App. 3d at 420; *H&H Press, Inc. v. Axelrod*, 265 Ill. App. 3d 670, 680 (1994).

■ Here, Melchiorre's motion to dismiss, supported by her affidavit, alleges that she did not know the corporation had been dis-

solved because her attorney did not inform her of the dissolution, nor did she receive notice from the Secretary of State. While this allegation, taken as true, may defeat a claim of actual knowledge, it leaves open the question of whether Melchiorre should have known of the dissolution due to her position as president and secretary of the corporation. Other courts have found that corporation presidents are in a position where they should know whether their corporation has been dissolved. See *Affiliated Capital Corp. v. Buck*, 886 F. Supp. 647, 649 (N.D. Ill. 1995). The allegations of the motion to dismiss did not entirely defeat plaintiff's claim and therefore failed to establish that Melchiorre was entitled to judgment as a matter of law. Accordingly, the trial court erred in granting the motion to dismiss.

In seeking to uphold the dismissal, Melchiorre relies heavily upon *H&H Press, Inc. v. Axelrod*, 265 Ill. App. 3d 670, 680 (1994). There, this court reversed a judgment holding the defendant, Amy Kulek, personally liable for expenses incurred on behalf of a dissolved corporation. We found that the evidence presented at trial failed to establish that she either knew, or because of her position should have known, of the corporation's dissolution. As in this case, Kulek stated that she did not know the corporation had been dissolved and had not been notified of the dissolution by the Secretary of State. However, unlike the case at bar, Kulek was not the president of the corporation. In fact, the evidence showed that she was not an actual officer, but was deemed a *"de facto"* vice-president based on her representations to customers and suppliers. Because of this factual dissimilarity, *H&H Press, Inc.* does not support Melchiorre's argument that, as a matter of law, she cannot be held liable for the debt to plaintiff.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed; cause remanded.

CAHILL and BURKE, JJ., concur.