SIXTH DIVISION
October 6, 2006

No. 1-05-1536

| | | |
|---|---|---|
| MARSHA FORSYTHE-FOURNIER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY ISAACSON, MICHELLE ISAACSON, MARK | ) | |
| T. GOLAN ARCHITECT, LTD., PROTEMP | ) | |
| MECHANICAL INC., a Dissolved Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Barry Isaacson and Leslie Isaacson, | ) | Honorable |
| | ) | Paddy H. McNamara, |
| Defendants-Appellees). | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

What can the officers of a dissolved corporation do without incurring personal liability?  In this case a corporation had contracted to install an air-conditioning system in a new house, but the corporation dissolved before completing the installation.  The corporation's officers continued the installation despite the dissolution of the corporation.  The plaintiff bought the house and found the air-conditioning system defective.  She sued the corporation's officers, arguing that they were individually liable for the installation because they continued to act as the corporation after the dissolution.  Following a bench trial, the court found the officers individually liable for the costs of repairing the air-conditioning system.

We hold that, as part of winding up the affairs of the

corporation, the officers of the dissolved corporation could attempt to complete work on the contract the corporation entered. Because the plaintiff did not present any evidence that the officers entered any new contracts following the dissolution, and they did not otherwise exceed their duty to wind up corporate business, the court should not hold the officers personally liable on the corporation's contracts. We reverse the judgment the trial court entered against the corporate officers.

BACKGROUND

In 1994 Jerold and Michelle Isaacson hired Marc T. Golan Architect, Ltd., to design a house for Jerold and Michelle to build. Jerold and Michelle hired ProTemp Mechanical, Inc., an Illinois corporation, to serve as general contractor for the project. Jerold's brother, Barry Isaacson, and Barry's wife, Leslie Isaacson, owned ProTemp and served as its officers.

ProTemp designed the heating, ventilating and air conditioning system (HVAC) for the house. It had already begun its work on the house before August 1995. The Illinois Secretary of State dissolved ProTemp on August 1, 1995. ProTemp continued to do business after August 1, as it continued its work on Jerold and Michelle's house. It completed its design and installation of the HVAC system after August 1, 1995. In December 1995 ProTemp obtained a temporary certificate for occupancy of the house.

Jerold and Michelle moved into the house and lived there for

several years.  In May 2001 Jerold and Michelle sold the house to Marsha Forsythe-Fournier.  In June 2003 Forsythe-Fournier sued Marc T. Golan Architect, ProTemp, and Jerold, Michelle, Barry and Leslie Isaacson.  Forsythe-Fournier alleged that when she bought the house she relied on Jerold's statement that the HVAC system had no material defects.  In 2002 she discovered major flaws in the HVAC system.

The trial court granted summary judgment in favor of Golan based on uncontradicted evidence that Golan had no role in designing or installing the HVAC system.  Jerold declared bankruptcy in 2003.  Due to the dissolution of ProTemp, Forsythe-Fournier never served process on the corporation.  The trial court dismissed all claims against Jerold, Michelle and ProTemp before trial.  The case proceeded to trial only on the claim against Barry and Leslie for breach of warranty of habitability.

Forsythe-Fournier presented evidence of the defects in the HVAC system and the measures Jerold and Barry took to conceal those defects.  An expert testified that repairs to the system would cost more than $120,000.  Ancillary work necessary for the HVAC repairs would push costs even higher.

Barry admitted that ProTemp continued its work on the house after the corporate dissolution in August 1995, but he swore that ProTemp did not enter into any new contracts after August 1, 1995.  He never attempted to have ProTemp reinstated as a corporation.

Barry and Leslie argued that they acted solely as ProTemp's officers winding up the business following the dissolution. The court said:

"[T]he corporation was operating after dissolution, not just winding down, but doing the type of work that they had done before.

* * *

*** [I]f you carried on as a corporation at the point at which the corporate form no longer existed, you can assume the individual liability. ***

* * *

*** I am not accepting that carrying on work as usual is wind-up."

The court entered judgment against Barry and Leslie for $150,000.

## ANALYSIS

This case turns on the application of common law principles to facts proven at trial. We accept the trial court's findings of fact unless they are contrary to the manifest weight of the evidence, but we review *de novo* the court's rulings of law. Corral v. Mervis Industries, Inc., 217 Ill. 2d 144, 154-55 (2005).

"[P]ersonal liability may be imposed on an officer of a dissolved corporation who enters into contracts on behalf of the corporation after dissolution." In re Estate of Plepel, 115 Ill. App. 3d 803, 806 (1983). "[O]fficers of a corporation could be

held personally liable for debts incurred by the business during a period of corporate dissolution." Cardem, Inc. v. Marketron International, Ltd., 322 Ill. App. 3d 131, 136 (2001). However, the law permits officers to wind up corporate affairs without incurring personal liability. See 805 ILCS 5/8.65(a)(3) (West 1994).

In Campisano v. Nardi, 212 Conn. 282, 562 A.2d 1, (1989), the plaintiff signed a contract with a corporation for work on the plaintiffs' house. Three months later the secretary of state dissolved the corporation. Campisano, 212 Conn. at 283-84, 562 A.2d at 2. The corporation continued to work on the house for another year. When the corporation failed to complete the work satisfactorily, the plaintiffs sued the corporation and its president. The referee found that the president had only wound up the affairs of the corporation, so the court found the president not individually liable for the breach of contract. The appellate court said:

> "The fact that the defendant sought to complete his existing contractual obligations *** is entirely consistent with an effort to wind up the corporation. Had he succeeded, he would have eliminated a claim against the corporation." Campisano, 212 Conn. at 289, 562 A.2d at 5.

The court distinguished numerous authorities, like those Forsythe-Fournier cites here, where a court held a corporate

officer individually liable on a contract the officer signed on behalf of a corporation after the corporation's dissolution. See Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd., 337 Ill. App. 3d 385 (2003). The court noted that Campisano's claim "involve[d] a contractual obligation incurred prior to the dissolution, and not in the period following dissolution." Campisano, 212 Conn. at 289, 562 A.2d at 5. The court affirmed the judgment holding the corporation's president not personally liable.

The uncontested evidence here shows that ProTemp undertook duties as general contractor, including designing and installing the HVAC system, before its involuntary dissolution. After the dissolution the corporation remained responsible for fulfilling its duties under the contract. See Mid-American Elevator Co. v. Norcon, Inc., 287 Ill. App. 3d 582, 589 (1997) (corporation must provide for rights of corporate creditors and third persons during windup). ProTemp entered no new contracts following the dissolution. Forsythe-Fournier presented no evidence that Barry and Leslie acted in a manner inconsistent with their duty to wind up the corporation's business. Instead, she showed that Barry and Leslie, like the defendant in Campisano, failed to fulfill the corporation's contract. The proof here, like that in Campisano, shows the corporation's liability, but it provides no grounds for holding the officers individually liable. If we hold the officers liable for breach of warranty here, we will

discourage corporate officers from taking any steps to fulfill corporate contractual duties while winding up corporate business.

Forsythe-Fournier showed that Barry and Leslie continued to work on the house after the dissolution of ProTemp. She did not show that Barry or Leslie undertook any new obligations on behalf of ProTemp or that they exceeded their responsibilities as officers of a dissolved corporation working on winding up its affairs. Thus, Forsythe-Fournier has not proven grounds for holding Barry and Leslie individually liable for the corporation's negligence in the design and installation of the HVAC system. Accordingly, we reverse the judgment entered against Barry and Leslie Isaacson.

Reversed.

JOSEPH GORDON and O'MALLEY, JJ., concur.