FOURTH DIVISION
November 9, 2006

No. 1-05-2824

| | | |
|---|---|---|
| AON CORPORATION & AON CONSULTING, INC. | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREA UTLEY, | ) | Honorable |
| | ) | Paddy H. McNamara, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Plaintiffs Aon Corporation (Aon) and Aon Consulting, Inc. (Aon Consulting), appeal from the circuit court's judgment granting defendant Andrea Utley's motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)). On appeal, plaintiffs argue that the circuit court erroneously determined that it lacked personal jurisdiction over defendant and that if it had jurisdiction, it would have granted a motion for *forum non conveniens.*

On January 15, 1997, defendant, a resident of California, became an employee of Aon Consulting, a subsidiary of Aon, when Aon Consulting bought defendant's then employer, Alexander & Alexander Services, Inc. Defendant served as senior vice president of Aon Consulting and provided insurance consulting services to its clients. Aon and Aon Consulting are both incorporated in Delaware and headquartered in Illinois.

No. 1-05-2824

On May 27, 1999, defendant signed a stock option agreement with Aon which provided that she would receive an option to buy 1,000 shares of Aon stock at $65.1563 per share.  In exchange, defendant agreed to certain conditions, including covenants not to solicit Aon clients, not to enter into a business relationship with Aon clients, and not to hire Aon employees for two years should she leave the company.  The covenant not to solicit stated:

> "The Employee hereby covenants and agrees
> that, except with the prior written consent
> of Aon, the Employee will not for a period of
> two (2) years after the end of employment
> compete directly or indirectly in any way
> with the business of the Company.[1]  For the
> purposes of this Agreement, 'compete directly
> or indirectly in any way with the business of
> the Company' means to enter into or attempt
> to enter into (on Employee's own behalf or on
> behalf of any other person or entity) any

---

[1] The agreement defines "Company" as "the subsidiary(ies) and affiliate(s) of Aon to which Employee devoted substantially all of his business time and attention at any time during the twenty-four (24) month period prior to the termination of Employee's employment."

business relationship of the same type or kind as the business relationship which exists between the Company and its clients or customers to provide services related to the business of the Company for any individual, partnership, corporation, association or other entity who or which was a client or customer for whom the Employee was the producer or on whose account Employee worked or became familiar with during the twenty-four (24) months prior to the end of employment."

The agreement further provided that due to the unique character of defendant's services to Aon, any breach by defendant would entitle Aon to injunctive relief. Other notable clauses in the agreement concerned its modification and the governing law. The agreement provided that it could not be "amended, altered or modified without the prior written consent of both parties and such instrument must acknowledge that it is an amendment or modification of this Agreement." In addition, the agreement contained a clause captioned "Governing Law and Choice of Forum," which stated:

"The validity, interpretation, construction, performance, enforcement and remedies of or relating to this Agreement, and the rights

and obligations of the parties hereunder, shall be governed by and construed in accordance with the substantive laws of the State of Illinois, without regard to the conflict of law principles, rules or statutes of any jurisdiction. Any and every legal proceeding arising out of or in connection with this Agreement shall be brought in the Circuit Court of Cook County of the State of Illinois, each party hereby consenting to the exclusive jurisdiction of said court."[2]

Defendant continued her employment at Aon Consulting, and on April 20, 2001, entered into a nonsolicitation agreement with Aon Consulting, which was referenced as "the Company" in the

---

[2]The previous provision provided that the captions of the Agreement "are not part of its provisions, are merely for reference and have no force or effect."

No. 1-05-2824

agreement. The agreement allowed defendant to purchase shares of Aon Consulting's parent company Aon. In exchange, defendant again agreed to covenants not to solicit and not to hire. The new covenant not to solicit provided in pertinent part:

"The Employee hereby covenants and agrees that, except with the prior written consent of the Company, the Employee will not, for a period of two (2) years after the end of employment, compete directly or indirectly in any way with the Business. For the purposes of this Agreement, 'compete directly or indirectly in any way with the Business' means to enter into or attempt to enter into (on Employee's own behalf or on behalf of any other person or entity) any business relationship of the same type or kind as the business relationship which exists between Aon Group and its clients or customers to provide services related to the Business for any individual, partnership, corporation, association or other entity who or which was a client or customer for whom the Employee worked or became familiar with during the twenty-four (24) months prior to the end of employment. 'Client' or 'customer' means any

˘5˘

> person or entity listed on the books of Aon
>
> Group as such."

The agreement also provided that Aon Consulting would be entitled to injunctive relief for any breach by defendant. In addition, the agreement contained a clause captioned "Governing Law and Choice of Forum."[3] That provision stated:

> "The validity, interpretation, construction,
>
> performance, enforcement and remedies of or
>
> relating to this Agreement, and the rights
>
> and obligations of the parties hereunder,
>
> shall be governed by and constructed in

---

[3]Like the first agreement, the 2001 agreement contained a provision which stated that "[t]he captions contained in this Agreement are not part of its provisions, are merely for reference and have no force or effect."

accordance with the substantive laws of the Employee's state of residence on the Effective Date, without regard to the conflict of law principles, rules or statutes of any jurisdiction."

On June 4, 2001, Patrick G. Ryan, chairman and chief executive officer of Aon, sent defendant a letter in which he informed her that the organization and compensation committee of the board of directors had approved the grant of stock option rights to her under the 2001 agreement not to solicit. The letter concluded, "Your options - both those granted in 2001, and those granted before - will be adjusted to preserve their economic value. The details of this adjustment are being developed and will be shared with you later this year."

On March 29, 2005, plaintiffs filed a complaint in the circuit court of Cook County, which alleged that defendant breached the 1999 stock option agreement. The complaint stated that on October 11, 2004, defendant resigned from Aon Consulting to join another insurance consulting company, ABD Insurance (ABD). Within weeks of her employment at ABD, defendant allegedly entered into consulting relationships with two of Aon Consulting's clients. Shortly thereafter, defendant entered into a brokerage relationship through ABD with another Aon Consulting client. Plaintiffs claimed that they lost significant business and suffered substantial damages due to defendant's actions.

No. 1-05-2824

Plaintiff's complaint did not assert any breach of the 2001 nonsolicitation Agreement.

In response, defendant filed a motion to dismiss plaintiffs' complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2004)). In that motion, defendant claimed that the circuit court lacked personal jurisdiction over her pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2004)). She contended that the 1999 stock option agreement merged with the 2001 agreement not to solicit, and that the 2001 agreement provided that any breach arising from it would be brought in her state of residence, which was California.

In their response, plaintiffs argued that the 1999 and 2001 agreements did not merge and that, even if the trial court determined that they did merge, the provision in the 2001 agreement concerning governing law was not a forum selection or consent to jurisdiction clause, but was only a "choice of law provision." Thus, plaintiffs contended that the circuit court had personal jurisdiction.

Following arguments, the trial court granted defendant's motion to dismiss. In making its ruling, the trial court stated in pertinent part:

> "So, I mean, initially I'm ruling against you
> on the contract itself. I think it's -- both
> contracts have merged. The one that's

˘8˘

applicable here is the 2001 contract. That's who she worked for at the time they were trying to enforce this.

If I go further, she worked for a company that was headquartered in Illinois. There seems to be some contact, probably enough to uphold long-arm jurisdiction. If I considered it beyond that, I would definitely find that the form [sic] nonconvenience [sic] analysis, in terms of where the witnesses are, convenience to the parties, interpreting the laws of California, all of those factors would go in favor of transferring this to California.

But I'm finding it -- the basis of my finding is that the contract has merged into the prior contract, and I believe that any ambiguity in terms of form has to be construed against Aon.

Therefore, Plaintiffs -- or the --

motion to dismiss plaintiffs' complaint

is granted."

Plaintiffs now appeal that decision.

A section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2004)) raises defects or defenses to the complaint and questions

No. 1-05-2824

whether defendant is entitled to judgment as a matter of law. Gonnella Baking Company v. Clara's Pasta Di Casa, Ltd., 337 Ill. App. 3d 385, 388 (2003). "When reviewing a motion to dismiss, this court must accept all well-pleaded facts as true [citation] and view them in the light most favorable to the plaintiff." Gonnella Baking Co., 337 Ill. App. 3d at 388. We may consider all facts presented in the pleadings, affidavits, and depositions found in the record. Gonnella Baking Co., 337 Ill. App. 3d at 388. Since the resolution of this case hinges on a matter of law, our review is de novo. Gonnella Baking Co., 337 Ill. App. 3d at 388.

We first address the circuit court's conclusion that the 1999 and 2001 agreements merged. "Merger occurs when a contract supercedes and incorporates all or part of an earlier agreement." American National Bank & Trust Co. of Chicago v. Bentley, 159 Ill. App. 3d 27, 29 (1987). When a subsequent contract relates to the same subject matter and contains the same terms as a previous contract, the actions of the parties are based on the provisions of the subsequently executed contract. Bentley, 159 Ill. App. 3d at 29.

In this case, although the record shows that the 1999 and 2001 agreements both involved stock option plans, the subject matter of the agreements differed. Defendant entered into the 1999 agreement, entitled "Notice of Grant of Stock Option and Option Agreement," with Aon. The agreement afforded defendant an

opportunity to purchase Aon common stock in exchange for accepting the terms of the agreement. The agreement provided details as to the exercise price of the stock, $65.1563 a share, and a vesting schedule. The agreement also contained covenants in which defendant agreed not to solicit Aon customers and not to hire Aon employees for two years after the termination of her employment from Aon.

Subsequently, defendant entered into the 2001 agreement, dated April 20, 2001, and entitled "Non-Solicitation Agreement," with Aon's subsidiary, Aon Consulting. The agreement again offered defendant an opportunity to purchase Aon common stock and contained near identical nonsolicitation and nonhiring clauses. The 2001 plan, however, did not detail the stock price or the vesting schedule. Rather, an attachment to a June 4, 2001, letter defendant received from Aon president and chief executive officer Patrick Ryan suggested that the stock plan details were provided in a separate agreement, entitled "Option Agreement." The 2001 "Option Agreement" is not found in the record.

Although the 1999 and 2001 agreements found in the record both offered defendant an opportunity to purchase Aon common stock, they did not involve the same subject matter. The agreements clearly illustrate that defendant had a separate opportunity to purchase additional stock in 2001, which had no effect on the stock she could have purchased pursuant to the 1999 agreement. We thus find that the agreements did not pertain to

the same subject matter.

Moreover, the 1999 agreement explicitly provided that it "may not be amended, altered or modified without the prior written consent of both parties and such instrument must acknowledge that it is an amendment or modification of this Agreement." The record here does not contain any written notification between the parties that the 2001 agreement was meant to modify the 1999 agreement.

We, therefore, conclude that the 1999 and 2001 agreements did not merge but, rather, constituted distinct agreements. As such, nothing precluded the circuit court from determining that defendant violated the 1999 agreement, which contained a choice of forum clause in which she consented that any legal proceeding arising from the agreement would be brought in the circuit court of Cook County of the State of Illinois.

Nonetheless, whether or not the agreements merged, we conclude that the circuit court erred in dismissing plaintiffs' claims. The circuit court erroneously read the 2001 agreement to contain a choice of forum provision in which the parties allegedly consented that all legal proceedings arising from the contract would be brought in defendant's state of residence, which was California. The record, however, shows that although the 2001 agreement contained a provision entitled "Governing Law and Choice of Forum," unlike the identically entitled provision in the 1999 agreement, which denoted that Illinois law governed

and exclusive jurisdiction existed in the circuit court of Cook County of the State of Illinois, the 2001 provision only stated that the substantive law of the employee's state of residence would govern.  Thus, the 2001 agreement did not contain a choice of forum clause, which is distinct from a choice of law clause (In re Marriage of Walker, 287 Ill. App. 3d 634, 639 (1997)).

As such, even if the 1999 and 2001 agreements merged, the only choice of forum to which the parties consented was the circuit court of Cook County.  We, therefore, find that the circuit court had personal jurisdiction in this case.

In the alternative, defendant argues in this court that the 1999 choice of forum clause was not enforceable.  We disagree.

A choice of forum or forum selection clause is *prima facie* valid.  Dace International, Inc. v. Apple Computer, Inc., 275 Ill. App. 3d 234, 239 (1995).  The party objecting to the clause's enforcement is required to show that the litigation in the selected forum would be so burdensome that no real opportunity existed to litigate the issues in a fair manner and that the clause's enforcement essentially deprives the party of access to the courts.  Dace International, Inc., 275 Ill. App. 3d at 239.  To determine the reasonableness of a forum selection clause, courts should consider: (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses,

No. 1-05-2824

(5) the inconvenience to the parties of any particular location, and (6) whether the clause was bargained for. Calanca v. D & S Manufacturing Co., 157 Ill. App. 3d 85, 88 (1987).

We find that viewing the factors set forth in Calanca, the forum selection clause in the 1999 agreement was valid. As previously discussed, the 1999 and 2001 agreements did not merge, and thus plaintiffs could have sued defendant for breach only of the 1999 agreement. Having reached that conclusion, a review of the 1999 agreement shows that it explicitly provided that the law governing the agreement was Illinois law. Thus, the first factor favors plaintiff.

The second factor is a draw. Although defendant resides in California and plaintiff maintains an office there, plaintiff is headquartered in Illinois.

The third factor favors defendant. The record shows that the agreement was executed and performed in California, where defendant was employed.

Although defendant contends that the fourth factor also favors her, she fails to identify any witnesses who reside in California. Conversely, the record contains the affidavit of Paul A. Valencia, human resources director, executive compensation, for Aon. In that affidavit, Valencia states that potential witnesses who would testify for plaintiff about the stock option agreements, including Maxine Bonn, Denise Callahan Kaluza, Roger Vaughn, and herself, all reside near Chicago.

ˇ14ˇ

As for the fifth factor, defendant neither provides any support for her contention that litigation in Illinois would be inconvenient nor suggests that the inconvenience would prevent her from having her day in court. Although litigation in California would clearly be more convenient for defendant, mere inconvenience does not serve as a basis for voiding the forum selection clause. Dace International, Inc., 275 Ill. App. 3d at 239-40.

Finally, the sixth factor does not favor defendant. As defendant contends, it does not appear that the forum selection clause was reached through arm's-length negotiation but, rather, was boilerplate language in the agreement. That said, unlike Mellon First United Leasing v. Hansen, 301 Ill. App. 3d 1041, 1046 (1998), upon which defendant relies, she was not an inexperienced business owner "akin to an ordinary consumer" in a small business transaction who was unaware of a forum selection clause hidden on the back of a page of a contract. Rather, she was an experienced businesswoman who neither objected to nor attempted negotiation with regard to a forum selection clause that was clearly legible on the front of page five of the six-page 1999 agreement. Moreover, the agreement had no effect on defendant's employment status, but simply offered her an opportunity to purchase Aon stock. For those reasons, we decline to invalidate the forum selection provision. See Dace International, Inc., 275 Ill. App. 3d at 240.

No. 1-05-2824

Having concluded that the circuit court had jurisdiction in this case due to a valid forum selection clause, we also reject the circuit court's finding that dismissal would still have been appropriate in this case based on *forum non conveniens*. Rather, we find that where defendant agreed to a valid forum selection clause, she waived any arguments based on *forum non conveniens*.

Our ruling finds support in language found in Dace International, Inc., 275 Ill. App. 3d at 239-40. In that case, this court reviewed a circuit court's decision to grant a defendant's section 2-619 motion to dismiss a plaintiff's breach of contract claim where the defendant alleged that a forum selection clause in the contract designated California as the forum for all litigation arising from the contract. On appeal, the plaintiff contended that the clause was unenforceable because under the Calanca factors, Illinois was the more convenient and appropriate forum for the action. In rejecting that argument, this court stated:

> "[R]elative inconvenience has been routinely
> rejected as a basis for voiding forum
> selection clauses: '[T]he question *** is not
> the most convenient place for trying these
> suits; it is whether the defendants consented
> to being sued in [a particular forum] and by
> doing so waived their right to object to the
> jurisdiction of the courts *** over them.' "

˘16˘

> Dace International, Inc., 275 Ill. App. 3d
> at 239-40, quoting Northwestern National
> Insurance Company v. Donovan, 916 F.2d 372,
> 375 (7th Cir. 1990).

This court thereafter affirmed the circuit court's ruling where we determined that the plaintiff failed to prove that the forum selection clause was unreasonable.

We acknowledge that our analysis in Dace International, Inc. concerned the validity of a forum selection clause, not whether a party waives its right to file a motion to dismiss for *forum non conveniens* by virtue of signing a contract that embodied a valid forum selection clause.  Our reliance, however, on Donovan in analyzing the validity of the forum selection clause in Dace supports such a conclusion.

In Donovan, the United States Court of Appeals for the Seventh Circuit reversed the ruling of the District Court for the Eastern District of Wisconsin which had dismissed the plaintiff's breach of contract action based on the district court's refusal to enforce the forum selection clause in the parties' indemnification agreement.  The court of appeals first addressed the validity of the forum selection clause and in doing so expressed concern as to such a clause's effect on a third party.  The court of appeals concluded, however, that where "that possibility is slight, the clause should be treated like any other contract."  Donovan, 916 F.2d at 376.  The court of Appeals

No. 1-05-2824

then determined that the forum selection clause was enforceable
after which it declared that,

> "The signing of a valid forum selection
> clause is a waiver of the right to move for a
> change of venue on the ground of incon-
> venience to the moving party. [Citation.]   If
> there is inconvenience to some third party of
> which that third party may not even be aware,
> or to the judicial system itself, then either
> party to the suit is free to move for a
> change of venue.  But one who has agreed to
> be sued in the forum selected by the
> plaintiff has thereby agreed not to seek to
> retract his agreement by asking for a change
> of venue on the basis of costs or
> inconvenience to himself; such an effort
> would violate the duty of good faith that
> modern law reads into contractual
> undertakings."  Donovan, 916 F.2d at 378.

Although the holding in Donovan pertained to a motion to
change venue under 28 U.S.C. § 1404(a) (2000), we find it
persuasive.  In the case at bar, there is no conceivable effect
that the 1999 forum selection clause would have on a third party.
 Thus, where we have determined that the forum selection clause
was valid, we find that the circuit court erred in concluding

˘18˘

No. 1-05-2824

that defendant could succeed on a motion to dismiss based on *forum non conveniens* where she was a party to the 1999 agreement.

Accordingly, we reverse the judgment of the circuit court of Cook County and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

NEVILLE and MURPHY, JJ., concur.