NOTICE

Decision filed 10/23/09. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0571

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| KYOUNG SUK KIM, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) St. Clair County. |
| | ) |
| v. | ) No. 07-L-319 |
| | ) |
| | ) |
| ST. ELIZABETH'S HOSPITAL OF THE | ) |
| HOSPITAL SISTERS OF THE THIRD | ) |
| ORDER OF ST. FRANCIS, HOSPITAL | ) |
| SISTERS HEALTH SYSTEMS, CHARLES | ) |
| W. COURTNEY, JR., and COURTNEY, | ) |
| CLARK & ASSOCIATES, P.C., | ) Honorable |
| | ) Lloyd A. Cueto, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

PRESIDING JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, Kyoung Suk Kim, filed this action in the circuit court of St. Clair County alleging that the defendants, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis (St. Elizabeth's Hospital), Hospital Sisters Health Systems, Charles W. Courtney, Jr. (Courtney), and Courtney, Clark & Associates, P.C. (Courtney & Associates), violated Illinois law during a prior divorce proceeding by requesting and disclosing, without authorization, her confidential mental health records. The circuit court dismissed Kim's action. We affirm in part and reverse in part.

BACKGROUND

The previous divorce proceeding began on January 4, 2005, when Kim filed a petition for a judgment of the dissolution of her marriage. In re Marriage of Stuhldreher, No. 05-D-06 (2005). Courtney of Courtney & Associates represented Kim's then-husband, Christopher

1

Stuhldreher.

Prior to January 11, 2005, Kim's counsel served upon Millie Ogle, a nurse at St. Elizabeth's Hospital, a subpoena without an accompanying court order, requesting her presence as a witness to testify on Kim's behalf at a rehearing on an emergency order of protection against Kim. On January 11, 2005, Ogle and St. Elizabeth's Hospital moved to quash the subpoena pursuant to the Mental Health and Developmental Disabilities Confidentiality Act (Mental Health Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2004)) and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (45 C.F.R. §164.512 *et seq.* (2005)). On January 11, 2005, the circuit court granted Ogle's and St. Elizabeth's Hospital's motion to quash the subpoena.

On June 28, 2005, Courtney submitted a deposition notice for copying records and a subpoena for deposition to St. Elizabeth's Hospital, requesting "[a] complete copy of any and all records regarding the care and treatment of " Kim, from her admission on December 29, 2004. The notice stated that the witness would not be questioned and that the witness could comply with the subpoena by making copies of the documents available before the deposition date or by presenting the documents for copying on the August 1, 2005, deposition date. On July 5, 2005, St. Elizabeth's Hospital forwarded Kim's medical health information, including her mental health records, to Courtney. Courtney forwarded the medical records to Kim's counsel on July 13, 2005.

On July 14, 2005, the circuit court ordered that neither party's mental health records or mental health depositions, including those of St. Elizabeth's Hospital and Dr. Randy Jung, should be disseminated beyond counsel. The court further stated, "No copies of any records/depositions are to be given to either client," and the court prohibited the clients and their counsel from providing the information to any third party without a court order.

On July 27, 2005, Kim filed a motion to quash the subpoena and deposition notice and for the suppression and destruction of records. Kim alleged that Stuhldreher's unilateral request for the records without first obtaining a court order violated section 10(d) of the Mental Health Confidentiality Act (740 ILCS 110/10(d) (West 2004)). Kim argued that

2

because the records had been obtained in violation of the Mental Health Confidentiality Act and HIPAA, the court should quash the subpoena and deposition notice directed to St. Elizabeth's Hospital and enter an order to destroy and suppress the records produced. Kim argued that she suffered damages as a result of Stuhldreher's violation of the Mental Health Confidentiality Act, and she requested the court to assess a monetary penalty against Stuhldreher as a sanction for his violation.

On September 15, 2005, the circuit court entered an order noting that counsel presented arguments on, among other things, Kim's motion to quash the subpoena directed to St. Elizabeth's Hospital and Dr. Randy Jung. The court further stated, in pertinent part, as follows:

"2) Based upon pleadings filed and arguments of counsel, including the claim by [Kim] that subpoenas were issued without court order or written authorization by [Kim] in violation of the Mental Health [Confidentiality] Act and HIIPPA [*sic*] and [Stuhldreher's] arguments that [Kim] waived any objection or privilege because she has requested disclosur[e] of [Stuhldreher's] mental health records and previously attempted to subpoena workers from St. Elizabeth's. [*sic*] [Stuhldreher] has also alleged issues concerning [Kim's] mental health and incidents which arose on 12-29-04 which he intends to produce at trial. Counsel for [Kim] has identified issues concerning [Stuhldreher's] mental health.

3) Based upon arguments of counsel, the [c]ourt finds that an in camera review of both parties' mental health records. [*sic*] ***

4) This court finds that the subpoena to Dr. Randy Jung shall be further stayed, pending this court's review of the St. Elizabeth's and Dr. Jung's records. This court finds that Dr. Jung's records and St. Elizabeth's records are relevant."

On March 8, 2006, the circuit court entered a joint-parenting order, concluding the case.

On June 27, 2007, Kim filed an 18-count complaint against the defendants. In her complaint, Kim alleged that by disclosing her mental health records without her express

3

written consent or court order, St. Elizabeth's Hospital violated HIPAA (45 C.F.R. §164.512 *et seq.* (2005)) and the Medical Patient Rights Act (410 ILCS 50/0.01 *et seq.* (West 2004)), violated the Mental Health Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2004)), violated patient confidentiality laws (735 ILCS 5/8-802 (West 2004)), breached its fiduciary duty to her (210 ILCS 85/6.17 (West 2004)), and committed the torts of outrage, invasion of privacy, and intentional infliction of emotional distress.

Kim alleged that by requesting the disclosure, by subpoena only, of her medical health information, including her mental health records, without express written authorization or appropriate court order, Courtney and Courtney & Associates violated HIPAA, the Medical Patient Rights Act (410 ILCS 50/0.01 *et seq.* (West 2004)), the patient confidentiality laws (735 ILCS 5/8-802 (West 2004)), the Managed Care Reform and Patient Rights Act (215 ILCS 134/5 (West 2004)), and the Hospital Licensing Act (210 ILCS 85/6.17 (West 2004)). Kim also alleged that Courtney and Courtney & Associates violated the Mental Health Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2004)).

Kim also alleged causes of action, including a violation of the Mental Health Confidentiality Act (740 ILCS 110/1 *et seq.* (West 2004)), against Hospital Sisters Health Systems, who did not file a brief on appeal.

On August 23, 2007, Courtney and Courtney & Associates filed motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)) alleging, *inter alia*, that Kim's claims were barred by collateral estoppel and that Courtney did not owe a duty to Kim because he represented Stuhldreher in the divorce proceeding. Courtney alleged that Kim had affirmatively placed her treatment at issue in the prior divorce proceeding by attempting to subpoena witnesses from St. Elizabeth's Hospital and by attempting to disclose Stuhldreher's mental health records. On September 20, 2007, St. Elizabeth's Hospital filed a motion to dismiss also alleging, *inter alia*, that Kim's claims were barred by the doctrine of collateral estoppel.

On April 9, 2008, the circuit court heard arguments on the motions to dismiss. St. Elizabeth's Hospital argued that the circuit court's July 14, 2005, and September 15, 2005,

4

orders in the previous divorce proceeding disposed of the issue in this case because the circuit court ruled that the records were relevant and that counsel was entitled to have those records. St. Elizabeth's Hospital argued, therefore, that collateral estoppel precluded Kim's cause of action in the present case.

On April 21, 2008, the circuit court granted the motions to dismiss. The court held that, during the previous divorce proceeding, Kim and Stuhldreher had put their emotional and mental health and stability at issue. The circuit court also noted the previous circuit court's finding that the mental health records were relevant. The court ruled as follows: "The [c]ourt *** finds that [a]ttorney Courtney did not owe a duty to *** Kim and that collateral estoppel applies." The court further held as follows:

> "As to defendant St. Elizabeth's Hospital ***, [the] [m]otion to [d]ismiss is granted.

> The only argument the [c]ourt agrees with is that [Kim's] claims are barred by the [d]octrine of [c]ollateral [e]stoppel."

On October 6, 2008, the court denied Kim's motion to reconsider. On November 5, 2008, Kim filed a notice of appeal.

## ANALYSIS

Initially, we note that Kim argues on appeal that the defendants' improper request and submission of records violated the *Petrillo* rule. *Petrillo v. Syntex Laboratories, Inc.*, 148 Ill. App. 3d 581 (1986) (*ex parte* discussions between defense counsel and a plaintiff's treating physician shall be conducted only through authorized methods of discovery). An appropriate sanction to protect the physician-patient privilege from defense interviews outside formal discovery is to bar the testimony of the plaintiff's treating physician or enter a finding of contempt. See *Roberson v. Liu*, 198 Ill. App. 3d 332, 337 (1990). Accordingly, the purpose of this argument and how it attacks the circuit court's judgment of dismissal is unclear.

Aside from this argument, however, Kim's arguments on appeal are directed toward the circuit court's dismissal of her allegations that the defendants violated the Mental Health

5

Confidentiality Act. Even her argument that Courtney and Courtney & Associates owed a duty to Kim is couched in terms of their "blatant violation of the [Mental Health Confidentiality] Act," as opposed to her negligence claim.

By failing to present argument and cite authority relating to the remaining counts in her complaint, Kim has forfeited for purposes of review any consideration of the propriety of the circuit court's dismissal of these remaining counts. See 210 Ill. 2d R. 341(h)(7); *W.W. Vincent & Co. v. First Colony Life Insurance Co.*, 351 Ill. App. 3d 752, 757 (2004). Thus, we will determine the propriety of the circuit court's dismissal only with regard to those counts involving the defendants' alleged violation of the Mental Health Confidentiality Act, namely, count II (against St. Elizabeth's Hospital), count IX (against Hospital Sisters Health Systems), count XVI (against Courtney), and count XVIII (against Courtney & Associates).

A motion for an involuntary dismissal filed pursuant to section 2-619 raises certain defects or defenses to the action. 735 ILCS 5/2-619 (West 2006). "[T]he primary basis for a section 2-619 motion is to alert the court to affirmative matter that defeats the claim or operates to avoid its legal effect." *Sarno v. Akkeron*, 292 Ill. App. 3d 80, 84 (1997). "Because collateral estoppel operates to bar a legally recognized claim, it is properly asserted in a motion under section 2-619." *Sarno*, 292 Ill. App. 3d at 84; see 735 ILCS 5/2-619(a)(4) (West 2006). In considering a circuit court's decision to grant a motion for involuntary dismissal, a reviewing court must accept all well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Bartow v. Ford Motor Co.*, 342 Ill. App. 3d 480, 483 (2003) (relying on *Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd.*, 337 Ill. App. 3d 385 (2003)). We review *de novo* the circuit court's decision to involuntarily dismiss the plaintiff's action. *Bartow*, 342 Ill. App. 3d at 483 (relying on *Gonnella Baking Co.*, 337 Ill. App. 3d at 388).

Collateral estoppel applies when a party participates in two separate and consecutive cases arising out of different causes of action and some controlling factor or question material to the determination of both cases has been fully and completely resolved by a court of competent jurisdiction against the party in the former suit. *Hayes v. State Teacher*

*Certification Board*, 359 Ill. App. 3d 1153, 1162 (2005). "Under collateral estoppel, the adjudication of the fact or question in the first cause will be conclusive of the same question in the later suit." *LaSalle Bank National Ass'n v. Village of Bull Valley*, 355 Ill. App. 3d 629, 635 (2005) (citing *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001)). A defensive use of the doctrine occurs when, as in this case, the defendant seeks to prevent the plaintiff from asserting a claim that the plaintiff has previously litigated and lost. *Talarico v. Dunlap*, 177 Ill. 2d 185, 191 (1997). "In determining whether collateral estoppel applies, it is necessary to balance the need to limit litigation against the right to a fair adversary proceeding in which a party may fully present its case." *LaSalle Bank National Ass'n*, 355 Ill. App. 3d at 636.

"In order to establish collateral estoppel, a defendant must establish that (1) the issue decided in the prior action was identical to the one presented in the suit in question; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; (3) the party against whom the doctrine is asserted was a party to the prior action or in privity with such a party; and (4) the factual issue against which the doctrine is interposed has actually and necessarily been litigated and determined in the prior action." *LaSalle Bank National Ass'n*, 355 Ill. App. 3d at 635-36.

"For collateral estoppel to apply, a decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue in the first suit." *Talarico*, 177 Ill. 2d at 191. Even where the threshold elements of the doctrine are satisfied and an identical common issue is found to exist between a former lawsuit and the current lawsuit, collateral estoppel is an equitable doctrine and must not be applied to preclude parties from presenting their claims or defenses unless it is clear that no unfairness results to the party being estopped. *Talarico*, 177 Ill. 2d at 191-92. "[T]he party against whom the estoppel is asserted [must have] had a full and fair opportunity and an incentive to litigate the issue in the prior proceeding." *LaSalle Bank National Ass'n*, 355 Ill. App. 3d at 636. "There must have been the incentive and opportunity to litigate, so that a failure to litigate the issue is in fact a concession on that issue." *Talarico*, 177 Ill. 2d at 192.

7

Kim argues that the circuit court erred by applying collateral estoppel to bar her claims, thus unjustly and unfairly denying her the opportunity to litigate the damages which resulted from the defendants' violations of the Mental Health Confidentiality Act. Kim argues that her action against the defendants for violating the Mental Health Confidentiality Act was not decided in the prior action.

Section 10(a)(1) of the Mental Health Confidentiality Act provides as follows, in pertinent part:

"Records and communications may be disclosed in a civil, criminal[,] or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought *** finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm." 740 ILCS 110/10(a)(1) (West 2006).

Section 10(d) provides as follows, in pertinent part:

"No party to any proceeding described under paragraph[] (1) *** of subsection (a) of this Section, nor his or her attorney, shall serve a subpoena seeking to obtain access to records or communications under this Act unless the subpoena is accompanied by a written order issued by a judge, authorizing the disclosure of the records or the issuance of the subpoena. No person shall comply with a subpoena for records or communications under this Act[] unless the subpoena is accompanied by a written order authorizing the issuance of the subpoena or the disclosure of the records." 740 ILCS 110/10(d) (West 2006).

Section 15 of the Mental Health Confidentiality Act provides as follows: "Any person

8

aggrieved by a violation of this Act may sue for damages, an injunction, or other appropriate relief. Reasonable attorney's fees and costs may be awarded to the successful plaintiff in any action under this Act." 740 ILCS 110/15 (West 2006).

In the prior divorce proceeding, Kim's motion to quash and emergency motion for a hearing sought damages for a violation of the Mental Health Confidentiality Act. On September 15, 2005, the circuit court entered an order noting that counsel presented arguments on Kim's motion to quash the subpoena to St. Elizabeth's Hospital and Dr. Randy Jung. The court further stated, in pertinent part, as follows:

"2) Based upon pleadings filed and arguments of counsel, including the claim by [Kim] that subpoenas were issued without court order or written authorization by [Kim] in violation of the Mental Health [Confidentiality] Act and HIIPPA [*sic*] and [Stuhldreher's] arguments that [Kim] waived any objection or privilege because she has requested disclosur[e] of [Stuhldreher's] mental health records and previously attempted to subpoena workers from St. Elizabeth's. [*sic*] [Stuhldreher] has also alleged issues concerning [Kim's] mental health and incidents which arose on 12-29-04 which he intends to produce at trial. Counsel for [Kim] has identified issues concerning [Stuhldreher's] mental health.

3) Based upon arguments of counsel, the [c]ourt finds that an in camera review of both parties' mental health records. [*sic*] ***

4) This court finds that the subpoena to Dr. Randy Jung shall be further stayed, pending this court's review of the St. Elizabeth's and Dr. Jung's records. This court finds that Dr. Jung's records and St. Elizabeth's records are relevant."

In the prior action, the circuit court made no determinations regarding whether the defendants' request for and release of Kim's mental health records were authorized, nor did the court determine if damages were appropriate. Because the defendants here were not parties in the previous case, the court also did not address their respective violations. Instead, the court concluded that St. Elizabeth's Hospital's records were relevant and admissible. However, the question of the admissibility of Kim's mental health records, after they had

9

been disclosed, is distinct from the question of whether the records were obtained by an improper procedure in the first place. See *People v. Kaiser*, 239 Ill. App. 3d 295, 301 (1992) (the question of the admissibility of the blood-alcohol evidence once foundational requirements were met was distinct from the question of whether the materials were obtained by an improper procedure in the first place).

St. Elizabeth's Hospital argues that because Kim placed her emotional health, mental health, and stability at issue in the prior proceeding when she filed her petition for the dissolution of her marriage and when she caused her attorney to forward the subpoena that requested Ogle to testify with respect to the contents of her mental health records, she is precluded by collateral estoppel from bringing her action here. Likewise, Courtney and Courtney & Associates argue that because Kim unilaterally introduced her mental health as an issue when she subpoenaed nurse Ogle, her claim that the defendants improperly disclosed her medical records is barred by collateral estoppel.

The circuit court in the previous divorce proceeding did not conclude that because Kim put her mental health at issue, the defendants did not violate the Mental Health Confidentiality Act. The record does not indicate, for example, that the circuit court considered, with respect to Kim's mental health records, the findings required by section 10(a)(1) of the Mental Health Confidentiality Act: "that [the evidence] is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm" (740 ILCS 110/10(a)(1) (West 2006)). See *Sassali v. Rockford Memorial Hospital*, 296 Ill. App. 3d 80, 83-84 (1998). The circuit court in the prior proceeding did not determine whether Courtney and Courtney & Associates improperly served a subpoena seeking access to mental health records or whether St. Elizabeth's Hospital improperly complied with a subpoena unaccompanied by a written order. See 740 ILCS 110/10(d) (West 2006); *Mandziara v. Canulli*, 299 Ill. App. 3d 593, 599

10

(1998). The circuit court did not address whether the defendants violated the Mental Health Confidentiality Act because it was not necessary for the judgment in the first litigation. See *Talarico*, 177 Ill. 2d at 191; *Powers v. Arachnid, Inc.*, 248 Ill. App. 3d 134, 138 (1993) (collateral estoppel bars a party from relitigating issues essential to and actually decided in a prior proceeding).

Courtney and Courtney & Associates also argue that because the subpoena did not request mental health records, it was not required to be accompanied by a court order and therefore did not violate the Mental Health Confidentiality Act. Because the subpoena requested "[a] complete copy of any and all records regarding the care and treatment of" the plaintiff, from her admission on December 29, 2004 (the date of her admission as a result of an alleged suicide attempt), and her mental health records were forwarded, this argument is not persuasive. Moreover, this argument, which was not considered by the circuit court during the previous divorce proceeding, supports our conclusion that the issue was not fully litigated, determined, or necessary for the judgment in the prior action and that Kim should not be collaterally estopped from bringing her action in this case.

We therefore reverse the circuit court's dismissal of those counts alleging that the defendants violated the Mental Health Confidentiality Act, *i.e.*, count II (against St. Elizabeth's Hospital), count IX (against Hospital Sisters Health Systems), count XVI (against Courtney), and count XVIII (against Courtney & Associates). We affirm the circuit court's dismissal with regard to the remaining counts of Kim's complaint.

Because we are reversing only those counts alleging a violation of the Mental Health Confidentiality Act, we need not address St. Elizabeth's Hospital's arguments regarding Kim's failure to attach a medical professional's report, her failure to state a cause of action in counts I, III, and IV, or the duplicity of her causes of action. We also need not address Courtney and Courtney & Associates' contentions regarding the proper dismissal of Kim's negligence claim against them.

CONCLUSION

For the reasons stated above, the judgment is affirmed in part and reversed in part, and

11

the cause is remanded to the circuit court of St. Clair County.

Affirmed in part and reversed in part; cause remanded.

CHAPMAN and STEWART, JJ., concur.

NO. 5-08-0571

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| KYOUNG SUK KIM, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) St. Clair County. |
| | ) |
| v. | ) No. 07-L-319 |
| | ) |
| | ) |
| ST. ELIZABETH'S HOSPITAL OF THE | ) |
| HOSPITAL SISTERS OF THE THIRD | ) |
| ORDER OF ST. FRANCIS, HOSPITAL | ) |
| SISTERS HEALTH SYSTEMS, CHARLES | ) |
| W. COURTNEY, JR., and COURTNEY, | ) |
| CLARK & ASSOCIATES, P.C., | ) Honorable |
| | ) Lloyd A. Cueto, |
| Defendants-Appellees. | ) Judge, presiding. |

---

**Opinion Filed**: October 23, 2009

---

**Justices**: Honorable James M. Wexstten, P.J.

Honorable Melissa A. Chapman, J., and
Honorable Bruce D. Stewart, J.,
Concur

---

**Attorneys for Appellant**

D. Jeffrey Ezra, Shaun M. Lieser, 850 Vandalia, Suites 310-320, Collinsville, IL 62234

---

**Attorneys for Appellees**

Michael J. Nester, Chi-yong Throckmartin, Donovan, Rose, Nester & Joley, P.C., 8 East Washington Street, Belleville, IL 62220 (attorneys for St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis and Hospital Sisters Health Systems)

Stephen R. Clark, Alana I. Mejias, Courtney, Clark & Associates, P.C., 104 S. Charles Street, Belleville, IL 62220 (attorneys for Charles W. Courtney, Jr., and Courtney, Clark & Associates, P.C.)