NOTICE

Decision filed 08/13/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230969-U

NO. 5-23-0969

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| ROBERT DORMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 22-CH-39 |
| | ) | |
| THOMAS HAINE and BRENDAN KELLY, | ) | |
| in Their Official Capacities, | ) | Honorable |
| | ) | Ronald S. Motil, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court's granting of judgment on the pleadings, pursuant to 735 ILCS 5/2-615(e), in favor of defendant Kelly was not error where the complained-of provision prohibiting the possession of "short-barreled rifles" did not violate the second amendment or fourteenth amendment to the United States Constitution. In addition, we find that the plaintiff forfeited any claim against defendant Haine where he failed to present any argument in his opening brief.

¶ 2 The plaintiff, Robert Dorman, appeals the October 12, 2023, final order of the circuit court of Madison County that dismissed the plaintiff's complaint in its entirety in favor of the defendants. For the following reasons, we affirm the October 12, 2023, order.

¶ 3                                    I. BACKGROUND

¶ 4 This appeal stems from the circuit court's order that, *inter alia*, granted judgment on the pleadings in favor of Brendan F. Kelly, Director of the Illinois State Police (Kelly), and granted a

1

motion to dismiss in favor of Thomas A. Haine, Madison County State's Attorney (Haine), on the plaintiff's claims brought pursuant to 42 U.S.C. § 1983 that alleged section 24-1(a)(7)(ii) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1(a)(7)(ii) (West 2022)) violated the plaintiff's rights under the second and fourteenth amendments to the United States Constitution. The plaintiff's complaint alleged two additional claims; however, the plaintiff has expressly abandoned those claims on appeal.

¶ 5     The relevant provision the plaintiff complains of in his complaint is section 24-1 of the Code, which provides, in relevant part:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> * * *
>
> (7) Sells, manufactures, purchases, possesses or carries:
>
> ***
>
> (ii) any rifle having one or more barrels less than 16 inches in length or a shotgun having one or more barrels less than 18 inches in length or any weapon made from a rifle or shotgun, whether by alteration, modification, or otherwise, if such a weapon as modified has an overall length of less than 26 inches[.]" 720 ILCS 5/24-1(a)(7)(ii) (West 2022).

¶ 6     In his complaint, Dorman alleges that he is a citizen and resident of Madison County, Illinois, and possesses a valid Illinois Firearm Owners Identification Card. He alleges that "possession of a rifle with a barrel of less than 16 inches and/or an overall length of less than 26 inches is facially protected by the second and fourteenth amendments." He acknowledged that the challenged provision includes exceptions for possession by licensed reenactors, collectors, and law enforcement, but claimed that restricting possession by others unlawfully restricted the right to

2

individual self-defense. Dorman alleged that he "wishes to acquire" two weapons: a "model 1911 style *** pistol[ ] with an attachable shoulder stock, with a barrel length of about 5.5 inches and an overall length of less than 26 inches," and a "model 224 rifle *** with a[ ] 14.5 inch barrel and an overall length of more than 26 inches." He sought a declaration that the prohibitions on possessing a rifle "with a barrel of less than 16 inches" and a rifle "with an overall length of less than 26 inches" were unconstitutional and a corresponding injunction. In addition, Dorman alleges that Haine is the State's Attorney of Madison County. He claims that "in recent memory," the Madison County State's Attorney has "actually filed charges against persons for alleged firearms of the type described." Further, he claims that he "fears arrest and prosecution" by the state's attorney's office should he acquire any of the described firearms.

¶ 7     In Haine's motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)), he argued that Dorman lacked standing and his claims are not ripe for judicial review, because Dorman does not possess a short-barreled rifle and is not being investigated, charged, or prosecuted by Haine. Thus, Dorman has not sustained, or is in the immediate danger of sustaining, a distinct and palpable injury that is fairly traceable to the actions of Haine, and his claims are premature and based on contingent future events. Dorman did not file a response directed at this motion in the circuit court.

¶ 8     In Kelly's motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (*id.* § 2-615(e)), he argued that because the United States Supreme Court had determined that short-barreled shotguns fell outside of the protection of the second amendment, short-barreled rifles did as well. He explained that short-barreled rifles are similarly concealable weapons that are likely to be used for criminal purposes.

3

¶ 9    The circuit court ultimately agreed, holding that short-barreled rifles are not covered by the second amendment. Recognizing that federal courts have consistently held that short-barreled rifles are not protected by the second amendment, the court gave considerable weight to the uniform body of federal case law that had developed on the issue and found those cases to be highly persuasive. The court further noted that every court to consider whether there is a constitutionally relevant distinction between short-barreled rifles and short-barreled shotguns had declined to find such a distinction. Moreover, the court found that Dorman failed to allege any facts or make any arguments that would materially distinguish short-barreled rifles from short-barreled shotguns. Lastly, the court found that Dorman lacked standing in his remaining claims to seek a declaratory judgment.

¶ 10    This timely appeal followed, and we include additional facts below in our analysis where relevant.

¶ 11                                II. ANALYSIS

¶ 12    As an initial matter, the plaintiff only appeals the claim alleged in count II of his complaint and expressly abandons any claims alleged under counts I and III. In addition, he has failed to articulate any argument in his opening brief to assert standing for his claim against Haine. While he raises and argues his claims against Haine in his reply brief, which this court allowed to be filed late, his failure to do so in his opening brief results in forfeiture of his claims as it pertains to Haine. See *Kim v. St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis*, 395 Ill. App. 3d 1086, 1092 (2009); Ill. S. Ct. R. 341(h)(7) (Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145

4

Ill. App. 3d 712, 719 (1986). "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Id.* Thus, the only issue properly before us is count II regarding the constitutionality of section 24-1(a)(7)(ii) against Kelly.

¶ 13 Turning now to the issue before us, we first examine our standard of review. Judgment on the pleadings "is proper where the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Strowmatt v. Sentry Insurance*, 2020 IL App (5th) 190537, ¶ 15. On such a motion, "all well-pleaded facts set forth in the pleadings of the nonmoving party are taken as true along with any fair inferences drawn therefrom." *Id.* This court "review[s] *de novo* a constitutional challenge to a statute because it presents a question of law." *People v. Masterson*, 2011 IL 110072, ¶ 23. "The party challenging the constitutionality of the statute has the burden to prove its invalidity." *Id.* Given statutes' "strong presumption of constitutionality," courts must "uphold the constitutionality of a statute whenever reasonably possible." *Id.* And to succeed on a facial challenge to a statute, the plaintiff must establish that there are "no set of circumstances under which the statute would be valid." *People v. Bochenek*, 2021 IL 125889, ¶ 10 (facial challenge poses "particularly heavy burden"); see *Burns v. Municipal Officers Electoral Board of the Village of Elk Grove Village*, 2020 IL 125714, ¶ 13 ("facial challenge to a statute is the most difficult challenge").

¶ 14 The plaintiff argues that the second amendment presumptively protects an individual's right to possess all instruments that constitute bearable arms, which includes short-barreled rifles. Specifically, he argues that section 24-1(a)(7)(ii) of the Code (720 ILCS 5/24-1(a)(7)(ii) (West 2022)) violated his right to bear arms under the second and fourteenth amendments to the United States Constitution. U.S. Const., amends. II, XIV. The plaintiff contends that the portion of the statute that prohibits the possession of "rifles with barrels of less than 16 inches and/or overall

5

lengths of less than 26 inches" is facially unconstitutional under the second amendment due to its "near total ban." He contends that a short-barreled rifle is *prima facie* protected, because it is a bearable arm within the meaning of the second amendment. See *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008) ("[T]he Second Amendment extends, *prima facie*, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding."). He further contends that the U.S. Supreme Court's decision that the second amendment does not protect short-barreled shotguns in *United States v. Miller*, 307 U.S. 174 (1939), is not relevant to this matter, because "this case is not about shotguns of any variety." In addition, he argues that short-barreled rifles are "in common use, both at this time and at the time of the Revolution, and during times in between." He asserts that the "U.S. M4 carbine uses a sub-16 inch barrel," that the Madison County Sheriff's Department issues a sub-16-inch barrel rifle to its deputies, and that short-barreled rifles are "broadly permitted in most of the 49 other United States."

¶ 15    The defendant responds that short-barreled rifles do not "fall into the category of protected bearable arms," because the U.S. Supreme Court has held that short-barreled shotguns, "which are materially the same type of weapon," fall outside the scope of the second amendment. In addition, he argues that short-barreled rifles, like short-barreled shotguns, are "concealable weapons that are likely to be used for criminal purpose rather than lawful activity." Moreover, he contends that "every court" that has considered this issue has held that, under the second amendment, short-barreled rifles are treated no differently than short-barreled shotguns and there is no meaningful constitutional distinction. Lastly, he argues that the plaintiff failed to assert that short-barreled rifles are commonly used for self-defense, which is the only purpose that affords protection under the second amendment, and instead asserted that the weapons are commonly possessed outside Illinois.

6

¶ 16    When challenging a law under the second amendment, the plaintiff must first show that "the Second Amendment's plain text covers" the "proposed course of conduct." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17, 32 (2022). If the plaintiff satisfies that burden, then at the second step, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. Thus, we first must determine whether the plain text of the second amendment covers the conduct at issue here, *i.e.*, whether the second amendment protects an individual's right to possess short-barreled rifles.

¶ 17    The Supreme Court has recognized that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626. "From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* In *Heller*, the Court recognized an "important limitation on the right to keep and carry arms," based on the nature of the arms. *Id.* at 627. Specifically, the "sorts of weapons protected [by the second amendment are] those in common use at the time," which is "fairly supported by the historical tradition of prohibiting the carrying of dangerous and unusual weapons." (Internal quotation marks omitted.) *Id.*

¶ 18    In considering what types of weapons are covered by the second amendment, the *Heller* Court examined its decision in *Miller*. See *id.* at 624. In *Miller*, the Court held that the second amendment did not guarantee the right to keep and bear short-barreled shotguns "[i]n the absence of any evidence tending to show that possession or use of a [short-barreled shotgun] at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia." *Miller*, 307 U.S. at 178. The *Heller* Court "read *Miller* to say only that the Second Amendment

7

does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Heller*, 554 U.S. at 623, 625.

¶ 19    The plaintiff argues that *Miller* was remanded based on an absence of factual findings not within judicial notice of the Court that short-barreled shotguns were ordinary military equipment. Further, he asserts that this underlying basis for the decision in *Miller* is a significant distinction from "simply overruling and ending a case." In addition, he argues that the outcome in *Miller*, and *Heller*'s interpretation thereof, is not relevant to this matter, because he is challenging the provision of the statute that prohibits possession of short-barreled rifles, not shotguns. However, the Supreme Court in *United States v. Thompson/Center Arms Co.*, 504 U.S. 505 (1992), while considering whether a pistol distributed with a conversion kit, which could be made into a short-barreled rifle, constituted an assembled and regulated "firearm" under the National Firearms Act, has observed that "the regulation of short-barreled rifles, for example, addresses a concealable weapon likely to be [used for criminal purposes]." *Id.* at 517. This language acknowledges that short-barreled rifles are not typically possessed for lawful purposes and is keenly similar to the Supreme Court's interpretation of *Miller* in *Heller* when determining that the second amendment does not protect weapons that are not typically possessed for lawful purposes, like short-barreled shotguns. While the plaintiff argues that handguns, which are protected under the second amendment, are similar to short-barreled rifles in that they are both concealable, the Supreme Court has recognized that short-barreled rifles are weapons not typically possessed for lawful purposes, *e.g.*, self-defense, unlike handguns. *Id.* This supports the defendant's position that there is no meaningful constitutional distinction between short-barreled rifles and short-barreled shotguns and, thus, the second amendment does not protect either.

¶ 20    In addition, the courts that have considered this issue have held that, under the second amendment, short-barreled rifles are treated no differently than short-barreled shotguns. In *People v. Smith*, the First District held that "the plain text of the second amendment does not encompass an individual's right to possess short-barreled firearms," referring to both short-barreled shotguns and rifles. *People v. Smith*, 2024 IL App (1st) 221455, ¶ 16. In addition, the Tenth Circuit has also held that there is "no meaningful distinction" between short-barreled rifles and short-barreled shotguns under the second amendment. *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018). Also, the federal district courts that have had the opportunity to consider the issue after *Bruen* have uniformly held that short-barreled rifles are not covered by the second amendment. See, *e.g.*, *United States v. Rush*, No. 22-CR-40008-JPG, 2023 WL 403774, at *3 (S.D. Ill. Jan. 25, 2023). "*Heller* assures that keeping and bearing 'dangerous and unusual firearms'—like short-barreled shotguns or rifles or other weapons not typically possessed by law-abiding citizens for lawful purposes—are outside the bounds of Second Amendment protection because such weapons are not in common use by law-abiding citizens for self-defense." *Id.* Based upon the uniform body of case law developed on this issue in Illinois and federal courts, and the Illinois Supreme Court's acknowledgment that "if the lower federal courts are uniform on their interpretation of a federal [law], [Illinois courts], in the interest of preserving unity, will give *considerable weight* to those courts' interpretation of federal law and find them to be highly persuasive," we find that short-barreled rifles fall outside the scope of the second amendment and decline to find any meaningful constitutional distinction between short-barreled rifles and short-barreled shotguns. (Emphasis in original.) *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 35.

¶ 21    Further, even when we consider the plaintiff's claim that short-barreled rifles are "common," and therefore not "dangerous *and* unusual" as true, as required under the statute

9

regarding judgment on the pleadings, we would still find that the plaintiff's argument fails where there is a uniform body of case law developed in the federal courts and elsewhere that the second amendment does not protect short-barreled rifles. Since plaintiff's claim fails under the first step of review under *Bruen*, our analysis ends, and we do not reach the second step.

¶ 22                                              III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the October 12, 2023, order declining to declare the restrictions set forth in section 24-1(a)(7)(ii) on the possession of short-barreled rifles unconstitutional.


¶ 24    Affirmed.